[No. 56716–6. En Banc. April 19, 1990.]

HOUSING AUTHORITY OF THE CITY OF EVERETT, *Respondent*, v. RAY TERRY, *Appellant*.

*Robert S. Friedman* and *Gregory D. Provenzano* of *Evergreen Legal Services,* for appellant.

*Newton, Kight, Adams & Castleberry,* by *Lorna S. Corrigan,* for respondent.

SMITH, J.—Respondent Housing Authority of the City of Everett brought an unlawful detainer action under our landlord and tenant act, RCW Title 59, against Appellant Ray Terry, a mentally handicapped person, for breach of a lease covenant by creating a "threat to the health and safety of other residents" of the housing complex. But respondent did not comply with the notice provisions of RCW 59.12.030(4) which require a 10–day opportunity to comply with a breached covenant in a lease. The trial court ruled that federal law preempts the Washington statutory notice requirements.

We hold that there is no federal preemption of the statutory notice provisions and that there is no jurisdiction without statutory notice. We reverse the trial court and remand the case with instructions to dismiss the complaint.

Appellant Ray Terry has lived in the same apartment in the "Baker Heights" federally subsidized housing complex since 1982. The unit is owned and operated by Respondent Housing Authority of the City of Everett. Mr. Terry is eligible for residence in the complex because, at age 17, he suffered traumatic brain injury which left him handicapped and with limited income.

The trial court, the Honorable Paul D. Hansen, found that "[a]s a consequence of his injuries, [Ray Terry] is often disagreeable and his conduct has been, from time to time, unpleasant and intimidating." Since 1984, most of appellant's unpleasant and intimidating conduct has been directed at his neighbor in the housing complex, Ms. Bessie B. Neighbors. On at least one occasion, Mr. Terry tried to run her down with his automobile, driving over the lawn of

her sister's home and coming to a stop only 1 foot away from the porch on which she had taken refuge. Numerous other incidents directed at Ms. Neighbors included "verbal threats, physical intimidation and destruction of property."

In June of 1988, Ms. Neighbors obtained the first of a series of civil protection orders against Mr. Terry. He repeatedly violated those. From June through October 1988, Ms. Neighbors filed approximately 12 written complaints with the Housing Authority against Mr. Terry. On October 19, 1988, the Housing Authority terminated Mr. Terry's lease for violation of the following covenant:

> [Tenants agree to c]onduct themselves . . . in a manner which will not disturb neighbor's [sic] peaceful enjoyment of their accommodations and will be conducive to maintaining the development in a decent, safe, and sanitary condition. . . .

The notice of termination of tenancy, served October 21, 1988, which demanded surrender of the premises by October 31, 1988, did not provide for the statutory 10–day opportunity to comply with the breached covenant required under RCW 59.12.030(4). It provided:

> You are further notified that in that your continued tenancy has created a threat to the health and safety of other residents, the Notice is *not* subject to appeal pursuant to the Housing Authority's Grievance Procedure.

On November 10, 1988, the Housing Authority filed an unlawful detainer action pursuant to RCW 59.12, based solely upon the October 21, 1988, notice served on Mr. Terry. He raised an objection to subject matter jurisdiction for lack of statutory notice, and filed a motion for judgment on the pleadings. His motion was denied by a Snohomish County Superior Court Commissioner. A motion for revision of the Commissioner's ruling was similarly denied by the Honorable Daniel T. Kershner, J., who agreed with the Housing Authority's argument that federal law preempted the notice requirements of RCW 59.12.030(4).

Appellant Terry also raised as an affirmative defense a claim of discrimination based upon the Housing Authority's alleged failure to make a reasonable accommodation for his handicap. He had sought a transfer to alternative "section

8" housing,[1] but was denied the transfer by the Housing Authority. Respondent maintained it was under no duty to accommodate a tenant's handicap.

Appellant Terry did not appeal the Superior Court's denial of his procedural motion, and proceeded to trial. After a 2–day bench trial, the Honorable Paul D. Hansen ruled in favor of the Housing Authority. Mr. Terry appealed.

By order dated November 22, 1989, the Court of Appeals, Division One, certified the case to this court, identifying the following "issues of broad public import which [require] prompt and ultimate determination:"

> 1. Did the trial court have subject matter jurisdiction in this unlawful detainer action when the plaintiff public housing authority allegedly failed to serve the tenant with the proper notice of termination of tenancy? [and]
> 2. Did the trial court err in ruling that federal law preempts the notice requirements of the unlawful detainer statute in housing authority leaseholds?

This court accepted certification on December 13, 1989.

Appellant Ray Terry continues to reside in the same Baker Heights apartment. His behavior toward Ms. Neighbors allegedly persists unabated, although counsel for Mr. Terry denied this in answer to a question during argument before this court.

The following questions are presented by this case:

1. Whether a trial court has subject matter jurisdiction over an unlawful detainer action when the plaintiff has not complied with the notice provisions of RCW 59.12.030; if not, then

2. Whether federal law preempts the notice requirements of RCW 59.12.030 in housing authority leaseholds; if so, then

3. Whether a landlord has a duty to make reasonable accommodations to the handicap of a tenant; and

---

[1]This refers to section 8 of the United States Housing Act of 1937, now codified at 42 U.S.C. § 1437f. Under this program, low income persons occupy private rental housing in the community and their rents are subsidized to about 70 percent of fair market rental value.

4. Whether an award of fees and costs is appropriate in a case where appellant elected to go to trial before exhausting procedural appeals, and where appellant appeals substantive, as well as procedural, questions.

Appellant Terry claims that, without compliance with the statutory notice requirements, the Superior Court does not have subject matter jurisdiction. He further claims that, in refusing to transfer him to "section 8" community housing, the Housing Authority discriminated against him because it failed to make a reasonable accommodation for his handicap.

Respondent Housing Authority seeks a "best of both worlds" mixture of state and federal procedures. It first sought to substitute a state trial for a federal grievance hearing. This is permissible. It then sought to substitute a federal notice for a state statutory notice. This is not permissible.

In this case, the Housing Authority elected to bring an action for unlawful detainer under RCW 59.12. It is undisputed that the Housing Authority did not comply with RCW 59.12.030 which establishes the types of notices that must be given tenants in commencing unlawful detainer actions. The Housing Authority does not suggest that Mr. Terry waived the notice requirements of the unlawful detainer statute.

■ The unlawful detainer statute is in derogation of common law, and must therefore be strictly construed in favor of the tenant.[2] "By reason of provisions designed to hasten the recovery of possession, the statutes creating it remove the necessity to which the landlord was subjected at common law, [*sic*] of bringing an action of ejectment [under RCW 7.28] with its attendant delays and expenses."[3] However, in order to take advantage of its favorable provisions,

---

[2]*Wilson v. Daniels*, 31 Wn.2d 633, 643, 198 P.2d 496 (1948).

[3]*Wilson v. Daniels*, 31 Wn.2d 633, 643–44, 198 P.2d 496 (1948).

a landlord must comply with the requirements of the statute.[4]

■ "Where a special statute provides a method of process, compliance [with that method] is jurisdictional."[5] In an action for unlawful detainer alleging breach of covenant, a notice which does not give the tenant the alternative of performing the covenant or surrendering the premises does not comply with the provisions of the statute.[6]

In this case, the action was brought because Mr. Terry allegedly breached a covenant in his lease.[7] Therefore, he was entitled to a notice which would provide him with, and inform him of, a 10–day period during which he could comply with the requirements of his lease.[8] The document he received did not contain the statutory notice of opportunity–to–correct. Because it gave deficient notice, the Housing Authority could not prove a cause of action for unlawful detainer.[9] The Snohomish County Superior Court lacked jurisdiction to hear the case. The "jurisdictional condition

---

[4]*See Sowers v. Lewis*, 49 Wn.2d 891, 894, 307 P.2d 1064 (1957).

[5]*Sowers v. Lewis*, 49 Wn.2d 891, 894, 307 P.2d 1064 (1957) (citing *Little v. Catania*, 48 Wn.2d 890, 297 P.2d 255 (1956)).

[6]*Woodward v. Blanchett*, 36 Wn.2d 27, 31, 216 P.2d 228 (1950).

[7]RCW 59.12.030 provides, in relevant part:
"**Unlawful detainer defined.** A tenant of real property for a term less than life is guilty of unlawful detainer . . .:
" . . . .
"(4) When [the tenant] continues in possession . . . after a neglect or failure to keep or perform any . . . condition or covenant of the lease agreement under which the property is held . . . and after notice in writing requiring in the alternative the performance of such condition or covenant or the surrender of the property, served . . . upon [the tenant] . . . shall remain uncomplied with for ten days after service thereof. Within ten days after the service of such notice the tenant . . . may perform such condition or covenant and thereby save the lease from such forfeiture[.]"

[8]*See* RCW 59.12.030(4).

[9]*Woodward v. Blanchett*, 36 Wn.2d 27, 31, 216 P.2d 228 (1950).

precedent"[10] of proper statutory notice was not met. Under Washington law, Mr. Terry's motion to quash the process should have been granted.[11]

Although this court has previously stated that there is a "strong presumption against finding congressional intent to preempt,"[12] the Housing Authority argues that the 10–day opportunity to correct a breach of covenant provided by RCW 59.12.030(4) is preempted by a congressional intent to achieve prompt eviction of tenants under circumstances such as those presented in this case.

A party arguing preemption must demonstrate either the "congressional intent to preempt state law" or such a "direct and positive" conflict[13] that the federal and state acts cannot be reconciled or consistently stand together.[14] The Housing Authority "does not assert the existence of either an express or implied intent to preempt state law requirements."[15]

Facially, there appears to be no conflict between RCW 59.12.030(4) and 42 U.S.C. § 1437d(*l*)(3)(A).[16] The federal statute provides for a notice before termination of a

---

[10]*Sowers v. Lewis*, 49 Wn.2d 891, 894, 307 P.2d 1064 (1957).

[11]*Sowers v. Lewis*, 49 Wn.2d 891, 895, 307 P.2d 1064 (1957).

[12]*Pioneer First Fed. Sav. & Loan Ass'n v. Pioneer Nat'l Bank*, 98 Wn.2d 853, 859, 659 P.2d 481 (1983).

[13]*See State v. Williams*, 94 Wn.2d 531, 538, 617 P.2d 1012, 24 A.L.R.4th 1191 (1980).

[14]*State v. Williams*, 94 Wn.2d 531, 538, 617 P.2d 1012, 24 A.L.R.4th 1191 (1980) (citing *Kelly v. Washington ex rel. Foss Co.*, 302 U.S. 1, 10, 82 L. Ed. 3, 58 S. Ct. 87 (1937)).

[15]Brief of Respondent, at 6.

[16]42 U.S.C. § 1437d(*l*)(3)(A) provides in relevant part:

"Each public housing agency shall utilize leases which . . . require the public housing agency to give adequate written notice of termination of the lease which shall be not less than . . . a reasonable time, but not to exceed 30 days, when the health or safety of other tenants or public housing agency employees is threatened . . .."

lease of "a reasonable time, but not to exceed 30 days," while the state statute requires notice and a 10–day opportunity to correct a breach of covenant to avoid forfeiture of a lease. On one level, then, the state 10–day requirement may be regarded as the Legislature's expression of what it considers "reasonable" under the federal statute. In any event, compliance with the state statute would not run afoul of Congress' 30–day limit.

We next consider whether Congress, through its notice provisions, intended to create novel state subject matter jurisdiction, since there is otherwise no jurisdiction without proper notice. We find that Congress did not. Congress may have intended to create its own notice provisions for termination of leases, but, in leaving eviction proceedings to the states for enforcement, Congress necessarily relied upon existing state substantive law.

Washington law provides two alternate methods of removing a tenant from the landlord's premises: an action in *ejectment* under RCW 7.28; or an action for *unlawful detainer* under RCW 59.12. Compliance with the notice requirements of RCW 59.12.030 is a "jurisdictional condition precedent" to bringing a cause of action in unlawful detainer.[17] Compliance with the federal notice requirements of 42 U.S.C. § 1437d(*l*)(3)(A) would permit a landlord to utilize the Washington cause of action in ejectment under RCW 7.28, which does not have a 10–day opportunity–to–correct requirement.[18]

---

[17]*Sowers v. Lewis*, 49 Wn.2d 891, 894, 307 P.2d 1064 (1957).

[18]The Housing Authority does not discuss ejectment. Thus, it does not argue that it could not bring an action in ejectment with the federal notice, nor does it argue that an ejectment trial would not satisfy the congressional grievance hearing requirement. Further, the Housing Authority has not discussed the question whether an ejectment action would satisfy the alleged congressional purpose of prompt eviction. *See* RCW 7.28.010 which provides:

Any person having a valid subsisting interest in real property, and a right to the possession thereof, may recover the same by action in the superior court of the proper county, to be brought against the tenant in possession . . ..

Here, the Housing Authority elected to pursue its case under the unlawful detainer statute. Significantly, respondent in its brief indicates that the Housing Authority substituted the unlawful detainer trial for the congressionally mandated grievance hearing it would otherwise have been required to conduct before terminating Mr. Terry's lease. Although the Housing Authority provided notice which may have been sufficient for an action in *ejectment,* it did not provide notice which met the statutory requirements for an *unlawful detainer* action.

Use of a state trial, such as provided by RCW 59.12, instead of the federal grievance hearing, is *permissive,* not mandatory.[19] Thus, respondent has failed to demonstrate either the "congressional intent to preempt state law" or a "direct and positive" conflict[20] between RCW 59.12 and 42 U.S.C. § 1437d(*l*)(3)(A) that is necessary for federal preemption. The Housing Authority could have brought an action in ejectment instead of claiming federal preemption of RCW 59.12.030(4). It apparently chose not to pursue that remedy.

Moreover, the federal notice provisions apply to the federal procedures affording tenants due process before termination of their leases and not to state court proceedings based on those terminations. The same statute, 42 U.S.C. § 1437d, provides for a federal grievance hearing before final termination of a lease. However, a housing agency may substitute for the grievance hearing a state court hearing "which . . . provides the basic elements of due process."[21] Nothing in the federal statute suggests that a housing

---

[19]42 U.S.C. § 1437d(k) provides, in relevant part: "An Agency *may* exclude from its procedure any grievance concerning an eviction or termination of tenancy in any jurisdiction which requires that, prior to eviction, a tenant be given a hearing in court which the Secretary determines provides the basic elements of due process." (Italics ours.)

[20]*See State v. Williams,* 94 Wn.2d 531, 538, 617 P.2d 1012, 24 A.L.R.4th 1191 (1980).

[21]42 U.S.C. § 1437d(k).

agency is not required to follow state procedural requirements while taking advantage of a state hearing. Nothing in the statute suggests that a procedural requirement in a state hearing which provides more than the "basic elements" of due process, such as the opportunity–to–correct provision of RCW 59.12.030(4), cannot be permissibly substituted for the federal grievance hearing at the option of the Housing Authority. Having enjoyed the federal procedural advantages of a hearing substitution, as well as the substantive advantages of accelerated trial and restitution under our state's landlord and tenant act, the Housing Authority cannot be relieved of its burden of compliance with Washington's statutory procedural requirements.

Respondent Housing Authority does not contend that it is impossible to draft a notice which complies with both RCW 59.12.030 and the federal notice provisions.[22] This it can do simply by including within the federal notice the 10–day opportunity to correct required by RCW 59.12-.030(4). Instead, respondent argues that it would have been futile to do so because Mr. Terry could "correct" his behavior within the 10 days provided by the notice and then breach the lease covenant at subsequent times. If repeated, appellant argues, this could defeat any unlawful detainer action brought against a tenant who repeatedly breaches a covenant.

The question whether a landlord's efforts to evict under the statute may be permanently frustrated is not properly before the court at this time. Because of the deficient notice, Mr. Terry was not given an initial opportunity to correct his behavior. The Legislature has provided for a

---

[22]Respondent cites *Staten v. Housing Auth.*, 469 F. Supp. 1013 (W.D. Pa. 1979) for the proposition that federal and state notices cannot be combined in a single document. However, upon examination that case more appropriately stands for the proposition that, regardless of any parallel or duplicate federal notice requirements, state notice (Pennsylvania) must be given as prescribed by the relevant statute. *See also Ferguson v. Housing Auth.*, 499 F. Supp. 334 (E.D. Ky. 1980) (rejecting the 2–notice requirement of *Staten*).

tenant to have *at least* one[23] opportunity to correct a breach before forfeiture of a lease under the accelerated restitution provisions of RCW 59.12. Although RCW 59.12-.030(4) seems to address breaches of covenants concerning physical conditions of premises, and none of the provisions of RCW 59.12.030 seem to address behavior of tenants, that is a problem best addressed by the Legislature. Judicial consideration should await an actual case of "impossible" eviction.

In this case, the Housing Authority could not prove its cause of action under the Washington unlawful detainer statute because it failed to give Mr. Terry proper statutory notice. Federal law does not preempt the notice requirements of RCW 59.12.030 because an alternate cause of action in ejectment is available, because substitution of an unlawful detainer action for a federal grievance hearing was made permissive and not mandatory by Congress, and because it is possible to reconcile the two acts by providing a notice which satisfies the requirements of both.

Appellant Terry's motion to dismiss the proceedings should have been granted. Therefore, this case is reversed and remanded to the trial court with instructions to dismiss the complaint.

Appellant Terry argued, "as an affirmative defense" in the unlawful detainer action, the counterclaim that a landlord has a duty to make a reasonable accommodation to the handicap of a tenant. A breach of this duty, he argues, constitutes discrimination by expelling a handicapped person from real property in violation of RCW 49.60.030(1)(c).[24] The trial court disagreed.

---

[23]If, as Mr. Terry himself contends, it is impossible for him to control his behavior, then arguably a court might after 10 days find his breach of covenant not "cured" for purposes of an unlawful detainer proceeding.

[24]RCW 49.60.030(1)(c) provides, in relevant part, that the "right to be free from discrimination because of . . . the presence of any sensory, mental, or physical handicap . . . shall include . . . [t]he right to engage in real estate transactions without discrimination".

█ █ We do not consider the question raised by appellant's counterclaim because we have long held that counterclaims may not be asserted in an unlawful detainer action.[25] Further, as a general rule we will not decide moot questions or abstract propositions.[26] We decline to make an exception in this case. The appeal of this issue is dismissed.

Appellant Terry asks this court to award him attorney's fees and costs for the trial, as well as for this appeal, as the prevailing party. At trial, the court found against Mr. Terry on all bases and awarded the Housing Authority $109 in statutory attorney's and service fees.[27] Mr. Terry cites RCW 59.18.290(2) and RCW 49.60.030(2) as authority for his assertion.

RCW 49.60.030(2) provides for recovery of damages, costs and fees by one who is injured by discrimination. Since the trial court lacked jurisdiction to hear this case, since the counterclaim was not properly before the court, and since in any event the discrimination issue was resolved against him at trial, no award is due Mr. Terry under this statute.

RCW 59.18.290(2) provides that:

It shall be unlawful for the tenant to hold over in the premises or exclude the landlord therefrom after the termination of the rental agreement except under a valid court order so authorizing. Any landlord so deprived of possession of premises in violation of this section may recover possession of the property and damages sustained by him, and the prevailing party may recover his costs of suit or arbitration and reasonable attorney's fees.

█ In order to be awarded fees and costs as the prevailing party, a tenant must prove either that the lease was not

---

[25]*Granat v. Keasler,* 99 Wn.2d 564, 570, 663 P.2d 830 (citing *Young v. Riley,* 59 Wn.2d 50, 365 P.2d 769 (1961); *Woodward v. Blanchett,* 36 Wn.2d 27, 216 P.2d 228 (1950)), *cert. denied,* 464 U.S. 1018 (1983).

[26]*Sorenson v. Bellingham,* 80 Wn.2d 547, 558, 496 P.2d 512 (1972).

[27]The court also awarded $400.32 in past due rent.

terminated, or that the tenant held over under a valid court order. Although the Housing Authority failed to prove unlawful detainer, the question whether the lease was "terminated" has neither been litigated by the parties nor briefed by appellant. Mr. Terry did not have a court order authorizing him to hold over in the premises. Therefore, he has not shown that an award of fees and costs is due him under RCW 59.18.290(2) or under RCW 49.60.030(2).

Appellant Terry's motion to dismiss the unlawful detainer action for lack of jurisdiction was denied by a Snohomish County Court Commissioner. His motion for revision of the Commissioner's ruling was similarly denied by the Snohomish County Superior Court. Rather than appeal that decision for a definitive ruling on the question of jurisdiction, he elected to go to trial on the merits. He also made the substantive argument as a counterclaim at trial, and again in this appeal, that the Housing Authority has an affirmative duty to accommodate the handicap of a tenant, a question we do not decide. This argument, if resolved in his favor, could have obtained for Mr. Terry preferred "section 8" community housing. Now, having had the benefit of a formal, if adverse, trial decision, he seeks an award of fees and costs for the trial, as well as for this appeal. One party should not be able to seek an affirmative result at trial and, when disappointed, burden the other party with all the expenses.

Appellant Terry has not met the statutory requirements for an award of attorney's fees and costs. Since the trial court did not have jurisdiction to hear this case, its award of fees, costs and past due rent to the Housing Authority must be vacated.

The decision of the trial court is reversed. The case is remanded with instructions to dismiss the complaint. Appellant's request for attorney's fees and costs is denied.

The trial court's award of fees, costs and past due rent to the Housing Authority is vacated.

CALLOW, C.J., and UTTER, BRACHTENBACH, DOLLIVER, DORE, ANDERSEN, DURHAM, and GUY, JJ., concur.

Reconsideration denied June 6, 1990.