[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DEFENDANT'S MOTION TO DISMISS
The defendant Diana Diaz resides in a federally subsidized public housing unit known as Apartment 1G, 144 Pratt Street, Meriden, Connecticut. On August 13, 1991, the plaintiff Housing Authority of Meriden issued the defendant a notice to quit possession which directed the defendant to quit possession of the premises by August 29, 1991. The reason the notice to quit was issued to the defendant was that the defendant had permitted within her apartment "conduct which presents an immediate and serious danger to the safety of other tenants" by permitting an individual to discharge a firearm while inside the defendant's apartment.
The defendant's motion to dismiss asserts that the Housing Authority failed to comply with 42 U.S.C. § 1437d(1)(3) and24 C.F.R. § 966.4(2) which require a housing authority to give written notice of the termination of a lease. The motion further asserts that the plaintiff housing authority did not comply with42 U.S.C. § 1437d(1)(6) which requires that a tenant in public housing shall be informed of the opportunity to examine any relevant documents directly related to the eviction.
The first issue which must be addressed is whether federal and state notices may be combined in a single document. One court has held that in order to comply with HUD regulations, the housing authority must institute a two-notice system with the first notice containing a proposed termination of the lease and a second notice demanding that the tenant quit the premises. Staten v. Housing Authority of the City of Pittsburgh, 469 F. Sup. 1013,1016 (1979). Other courts, however, have rejected Staten and held that a combined federal and state notice is sufficient under the law. Intown Management Corp. v. Knowling, 5 Conn. L.Rptr. No. 4, 89 (October 28, 1991, Berger, J.); Housing Authority v. Terry,789 P.2d 745, 750 n. 22 (Wash. 1990); Ferguson v. Housing Authority of Middlesboro, 499 F. Sup. 334, 336 (1980). The ruling in Staten is flawed because it rests upon the peculiarities of Pennsylvania law CT Page 5218 which do not apply in this case. Terry, 789 P.2d at 750 n. 22. Therefore, it is concluded that a combined notice can be served if it complies with the requirements of law. See Knowling, 5 Conn. L. Rptr. at 91.
The next issue is whether the plaintiff housing authority complied with 24 C.F.R. § 966.4(2) and 42 U.S.C. § 1437d(1)(6) which require the authority to "give adequate written notice of the termination of the lease." The defendant claims that although the notice informed her to quit the premises, it did not sufficiently indicate that the lease was being terminated. The defendant's argument is flawed in two respects. First, "service of a notice to quit possession is typically a landlord's unequivocal act notifying the tenant of the termination of the lease." Housing Authority v. Hird, 13 Conn. App. 150, 155 (1988). Our courts, therefore, have determined that a notice to quit is the functional equivalent of a notice stating that the lease is terminated.
Second, the "judicial appraisal of a landlord's compliance with both state and federal requirements for notices of termination must reflect the purpose that the notices were meant to serve." Jefferson Garden Associates v. Greene, 202 Conn. 128, 145 (1987). It is concluded that common sense dictates that an individual receiving a notice to quit the premises would necessarily be aware that such an eviction results in the termination of the lease. Thus, the notice is sufficient because it reflects the purpose that a notice of lease termination would serve. See Id. Such a conclusion is particularly appropriate given that "a landlord should not be precluded from pursuing summary eviction proceedings because of hypertechnical dissection of the wording of the notices that he has sent." Id. at 145. Similarly, the case law indicates that one notice may be deemed satisfactory even though such a notice appeared to refer only to a notice to vacate and did not specifically refer to termination of the lease. See Ferguson,499 F. Supp. at 336-37.
In view of the foregoing, it is concluded that the plaintiff's failure to specifically refer to the lease termination in the notice to quit does not provide a sufficient basis upon which to dismiss this action.
The defendant also maintains that this action should be dismissed because the plaintiff has failed to comply with42 U.S.C. § 1437d(1)(6) which states that "each public housing agency shall utilize leases which specify that with respect to any notice of eviction or termination, notwithstanding any State law, a public housing tenant shall be informed of the opportunity, prior to any hearing or trial, to examine any relevant documents, records, or regulations directly related to the eviction or termination." CT Page 5219
The parties have not cited nor has research revealed case law interpreting 42 U.S.C. § 1437d(1)(6). Therefore, we must rely on principles of statutory construction in determining the meaning of 42 U.S.C. § 1437d(1)(6). The plaintiff argues that this action should not be dismissed since the statute only requires that the right to inspect documents be included in the lease and such language is in the lease.
This argument must fail for two reasons. First, our courts have "traditionally eschewed construction of statutory language that leads to absurd results or thwarts its manifest purpose." Sutton v. Lopes, 201 Conn. 115, 121 (1986). It is submitted that it would be both absurd and would thwart the purpose of the statute if the statute were to require a lease provision stating that the right to examine documents be contained in the notice, but that such a lease provision need not be complied with when the notice was delivered to the tenant. Therefore, plaintiff's argument that the lease provision is sufficient to satisfy 42 U.S.C. § 1437d(1)(6) is rejected.
Moreover, plaintiff's reasoning apparently dismisses as insignificant that portion of the statute which mandates that "with respect to any notice of eviction or termination" the tenant shall be informed of the opportunity to examine relevant documents. This passage indicates to the court that notification of the right to examine documents must be included within the notice of eviction or termination. "There is a presumption of purpose behind every sentence, clause or phrase in a legislative enactment so that in construing it no part is treated as insignificant or unnecessary." Zichichi v. Middlesex Memorial Hospital, 204 Conn. 399, 407 (1987). Thus, the language "with respect to any notice of eviction or termination" should be construed as requiring that information concerning the right to examine documents be contained in said notice to quit. To do otherwise would cause the above-quoted language to become superfluous or insignificant.
The plaintiff in this action failed to include in the notice to quit information concerning the defendant's right to examine relevant documents relating to the eviction. Such an omission in the notice to quit violates 42 U.S.C. § 1437d(1)(6). For this reason, the motion to dismiss is granted.
DORSEY, JUDGE CT Page 5220