[No. 60324-8-I.   Division One.   August 18, 2008.]

TONY LAFFRANCHI, *Respondent*, v. TOMAS OSCAR LIM ET AL.,
*Defendants*, STEVEN DEVORE, *Appellant*.

*Michael D. Kinkley* (of *Michael D. Kinkley, PS*), and *Scott R. Peterson*, for appellant.

*David J. Britton* (of *Law Office of David Britton*), for respondent.

¶1 LEACH, J. — This case presents the question of whether a tenant in possession of a residence following the sale of his landlord's interest in it at a nonjudicial foreclosure sale is a necessary party to an unlawful detainer proceeding brought by the purchaser to obtain possession. We hold that the trial court lacked subject matter jurisdiction because a necessary party, a tenant in possession, was not made a party, and we reverse and remand for further proceedings as set forth below.

## FACTS

¶2 Steven DeVore leased a four-bedroom house from Oscar Lim in the city of Snohomish in November 2006. The parties' written lease provided for monthly rent of $1,500 and a fixed term to end on July 15, 2007. DeVore paid first and last months' rent in advance and an additional $1,000 as a security deposit.

¶3 At the time the lease was signed, the property was subject to a deed of trust between the Lims, as grantors, and Lender Homecomings Financial Network, Inc., as beneficiary. Although DeVore paid his lease payments to Lim, Lim failed to make payments on the obligation secured by the deed of trust. In January 2007, a notice of trustee's sale under this deed of trust was recorded at the county auditor's office. On the scheduled sale date of April 13, 2007, Tony Laffranchi purchased the property at the trustee's sale. Through a means not disclosed in the record, DeVore had notice of and attended the trustee's sale. According to DeVore, he met Laffranchi at the sale, and Laffranchi agreed that DeVore could continue to reside on the property until July 15, 2007, under the same terms as those in his lease with Lim.

¶4 On May 4 a trustee's deed conveying the property to Laffranchi was recorded. On May 7 Laffranchi caused an eviction summons and complaint for unlawful detainer and monies due to be served at the property address. The summons bore the caption *"Tony Laffranchi vs. Tomas Oscar Lim and Maida Lim, et al"* and set a return deadline of May 14. The complaint alleged that the Lims were in possession of the property, made no mention of DeVore, and did not identify any parties other than those named in the caption. The record provides no explanation for the inclusion of "et al." in the caption of both the summons and complaint.

¶5 The record suggests that the summons and complaint were served on DeVore at the residence and were never served on anyone else. The only filed proof of service lists the recipient as "JOHN DOE RESIDENT." From DeVore's pleadings in the trial court, it appears he either was "John Doe" or received the summons directly from "John Doe."

¶6 On May 14 DeVore served a pro se notice of appearance and answer on Laffranchi's counsel. In his answer, DeVore alleged that he and Laffranchi had agreed that he could remain on the property through the end of the Lim lease term. DeVore also alleged that the Lims had not

resided at the property for many months and that he had communicated this information to Laffranchi before the lawsuit was served. He asked that the lawsuit be dismissed or, if that relief was denied, for equitable relief and damages.

¶7 On May 18 Laffranchi filed the summons and complaint and DeVore's answer and obtained an ex parte order to show cause requiring the "defendants" to appear to show why a writ of restitution should not be issued and judgment entered as requested in the complaint. The order set a show cause hearing for May 31. Laffranchi had the show cause order mailed to the residence address, apparently in an envelope addressed to the *Lims*. According to DeVore, he did not open any mail that was addressed to the Lims. Therefore he received no notice of the May 31 hearing.

¶8 Only Laffranchi's counsel appeared at the May 31 hearing. Although the record does not reflect the presentation of any evidence in any form, at the hearing the commissioner signed findings of fact and conclusions of law, a judgment, and an order issuing a writ of restitution. While the record contains no answer from the Lims, the findings included a checked box next to the phrase "Defendant(s) answered but has/have not appeared before the court." The findings also recited that "[d]efendant(s) now occupy the above premises and are now in actual possession of said premises." Judgment in the amount of $650 for attorney fees was entered against the Lims, and the clerk was ordered to issue a writ of restitution directing the sheriff to remove "the Defendant(s) and all others" from the property.

¶9 Laffranchi obtained a writ of restitution from the superior court clerk later that day. On June 4, a sheriff's deputy posted the writ at the property, along with a notice that occupants must vacate before June 8 or be forcibly evicted. In response, DeVore moved.

¶10 On June 12 DeVore filed a motion to vacate the judgment and stay enforcement of the writ of restitution. In his motion and declaration, he asserted that he had re-

ceived no notice of the May 31 hearing, that the Lims apparently also received no notice, and that Laffranchi's agents had told him afterward that he was not entitled to any notice. He appeared before a court commissioner the same day, who signed an order that temporarily stayed enforcement of the writ, but also stated that the judgment should not be vacated because it was not entered against DeVore. The order set a show cause hearing for June 19. When DeVore attempted to reenter the property on June 16, he discovered that the locks had been changed. Apparently DeVore was never able to reenter the property.

¶11 Laffranchi did not file any pleadings responding to DeVore's motion. Only DeVore and Laffranchi's counsel participated in the June 19 hearing. As with the other commissioner proceedings in this case, the hearing was neither reported nor recorded, making unavailable any verbatim report of it. Although the parties dispute the basis for the commissioner's ruling, the minute entry indicates that the court concluded DeVore was not a party to the action. The commissioner signed Laffranchi's proposed order, which contained no explanation but simply ordered the stay lifted and the judgment of May 31 enforced.

¶12 According to the sheriff's return on writ of restitution, a physical eviction was scheduled for June 15 but postponed when he received a copy of the order staying execution on June 12. On June 20 he was told that the defendants had moved and took no further action.

¶13 DeVore appeals the June 19 order lifting the stay and denying vacation of the May 31 judgment together with the June 12 order.

## DISCUSSION

¶14 Since the record consists entirely of written material, we stand in the same position as the trial court

and review the record de novo.[1] We review questions of law de novo.[2]

¶15 As a threshold matter, Laffranchi asserts this case is moot because DeVore surrendered possession of the property while the case was pending. DeVore responds that because he did not voluntarily surrender possession and continues to claim a right to possession, the case is not moot.

¶16 " 'A case is technically moot if the court cannot provide the basic relief originally sought, or can no longer provide effective relief.' "[3] In the context of an unlawful detainer proceeding, the law distinguishes between possession and a right to possession.[4] An unlawful detainer action is not moot just because the tenant no longer has possession of the contested premises.[5] As long as the tenant continues to assert a right to possession, he or she has the right to have the issue determined.[6] Since DeVore continues to assert a right to possession, this case is not moot.

¶17 Laffranchi brought this action under RCW 61.24.060, which authorizes a purchaser at a trustee's sale to obtain possession of the purchased property using the summary proceedings in chapter 59.12 RCW.[7] DeVore argues that the

---

[1] *Hous. Auth. v. Pleasant*, 126 Wn. App. 382, 387, 109 P.3d 422 (2005).

[2] *Mountain Park Homeowners Ass'n v. Tydings*, 125 Wn.2d 337, 341, 883 P.2d 1383 (1994).

[3] *Josephinium Assocs. v. Kahli*, 111 Wn. App. 617, 622, 45 P.3d 627 (2002) (quoting *Snohomish County v. State*, 69 Wn. App. 655, 660, 850 P.2d 546 (1993)).

[4] *Pleasant*, 126 Wn. App. at 387.

[5] *IBF, LLC v. Heuft*, 141 Wn. App. 624, 631, 174 P.3d 95 (2007).

[6] *IBF*, 141 Wn. App. at 631.

[7] RCW 61.24.060 provides:

The purchaser at the trustee's sale shall be entitled to possession of the property on the twentieth day following the sale, as against the grantor under the deed of trust and anyone having an interest junior to the deed of trust, including occupants and tenants, who were given all of the notices to which they were entitled under this chapter. The purchaser shall also have a right to the summary proceedings to obtain possession of real property provided in chapter 59.12 RCW.

court never acquired subject matter jurisdiction because Laffranchi failed to join as a party a tenant in possession as required by RCW 59.12.060.[8] Laffranchi responds that DeVore failed to raise this issue in the trial court and that, as a practical matter, DeVore received a hearing on the merits, even if he was not technically a party.

¶18 The trial court's lack of subject matter jurisdiction may be raised for the first time on appeal.[9] We therefore address this issue.

¶19 The purchaser at a trustee's sale may commence an unlawful detainer action to obtain possession under chapter 59.12 RCW without first providing notice.[10] While chapter 59.12 is designed to provide expeditious, summary proceedings,[11] it is in derogation of the common law and must be strictly construed in favor of the tenant.[12] To take advantage of these summary proceedings, the purchaser must comply with all statutory requirements.[13] If the purchaser fails to do so, the court lacks subject matter jurisdiction to proceed under chapter 59.12 RCW.[14] For example, we recently held that a landlord's failure to use amended statutory language allowing a tenant to serve an

---

[8] The relevant portion of RCW 59.12.060 provides:

No person other than the tenant of the premises, and subtenant, if there be one, in the actual occupation of the premises when the complaint is filed, need be made parties defendant in any proceeding under this chapter, nor shall any proceeding abate, nor the plaintiff be nonsuited, for the nonjoinder of any person who might have been made party defendant; but when it appears that any of the parties served with process, or appearing in the proceeding, are guilty of the offense charged, judgment must be rendered against him.

[9] RAP 2.5(a)(1); *In re Marriage of Scanlon*, 110 Wn. App. 682, 685, 42 P.3d 447 (2002).

[10] *Sav. Bank of Puget Sound v. Mink*, 49 Wn. App. 204, 208, 741 P.2d 1043 (1987).

[11] *Mink*, 49 Wn. App. at 208.

[12] *Hous. Auth. v. Terry*, 114 Wn.2d 558, 563, 789 P.2d 745 (1990).

[13] *Terry*, 114 Wn.2d at 564.

[14] *Terry*, 114 Wn.2d at 564-65.

answer not only by personal delivery but also by mail or facsimile deprived the court of subject matter jurisdiction.[15]

¶20 The only entities required by statute to be made defendants to an unlawful detainer action are a tenant of the premises, and any subtenant, in actual possession at the time the complaint is filed.[16] CR 4(b)(1)(i) requires that a summons contain the names of the parties to an action: plaintiff and defendant. Laffranchi does not deny that DeVore was a tenant in possession at the time he filed the complaint. DeVore was not made a party, defendant or otherwise. He was not identified in the caption of either the summons, as required by CR 4(b)(1)(i), or the complaint. His name does not appear in the text of either pleading. The prayer of the complaint does not request any relief against him. Laffranchi's failure to join DeVore as a defendant deprived the court of subject matter jurisdiction under chapter 59.12 RCW.

¶21 Notwithstanding the requirement that chapter 59.12 RCW be strictly construed in favor of the tenant, Laffranchi argues that because DeVore was allowed to present the merits of his defense, the trial court should be affirmed. Even if we were to accept Laffranchi's legal position, which we do not, the record does not support his claims.

¶22 The court's June 12 order states that its May 31 judgment should not be vacated because it was not entered against DeVore, even thought the judgment authorizes the removal of the Lims and "all others" from the property. This broad language included DeVore. In addition, the minute entry for the June 19 show cause hearing, at which DeVore's defenses were allegedly considered, states, "Mr. DeVore is not a party to this action." Had the court considered the merits of DeVore's defense at this hearing, it would either have ordered the matter set for trial or dismissed it. If the pleadings in an unlawful detainer action

---

[15] *Truly v. Heuft*, 138 Wn. App. 913, 923, 158 P.3d 1276 (2007).

[16] RCW 59.12.060.

disclose a material issue of fact, the issue must be resolved at a trial.[17] The only evidence concerning the relationship between Laffranchi and DeVore before the commissioner at the June 19 hearing was DeVore's declaration describing an oral agreement between them allowing DeVore to remain in possession of the property until July 15. This uncontroverted evidence either created an issue of fact or established DeVore's right to possession as a matter of law.

¶23 DeVore also claims that Laffranchi was not entitled to possession of the property when he commenced this action because fewer than 15 days had elapsed after the recording of the trustee's deed. Because this issue will likely arise on remand if this case proceeds as an unlawful detainer action, we address it as well.

¶24 DeVore's argument is based upon the 15 day provision contained in RCW 61.24.050, which provides:

> When delivered to the purchaser, the trustee's deed shall convey all of the right, title, and interest in the real and personal property sold at the trustee's sale which the grantor had or had the power to convey at the time of the execution of the deed of trust, and such as the grantor may have thereafter acquired. If the trustee accepts a bid, then the trustee's sale is final as of the date and time of such acceptance if the trustee's deed is recorded within fifteen days thereafter. After a trustee's sale, no person shall have any right, by statute or otherwise, to redeem the property sold at the trustee's sale.

¶25 Since RCW 61.24.060 entitles the purchaser at a trustee's sale to possession 20 days after the sale and Laffranchi's trustee's deed was not recorded within 15 days of the trustee's sale date, DeVore argues that Laffranchi was first entitled to possession 20 days after the recording of the trustee's deed. DeVore's argument assumes that the sale became final on the date the trustee's deed was recorded and that the 20 days is measured from this date.

¶26 DeVore's argument reflects a misunderstanding of the purpose of the 15-day rule found in RCW 61.24.050. The

---

[17] *Pleasant*, 126 Wn. App. at 392.

legislature added this provision in 1998 to deal with the circumstance where a borrower or grantor filed a bankruptcy action between the date of the trustee's sale and the recording of the trustee's deed.[18] Before this amendment, a debtor could avoid the trustee's sale by filing a bankruptcy proceeding before the trustee's deed was recorded.[19] The 15-day window provides a grace period for recording the trustee's deed, protecting the purchaser from any intervening claims of third parties.[20]

¶27 RCW 61.24.050 does not require that the trustee's deed be recorded within 15 days of the sale date. The purpose of the 1998 amendment is not furthered by reading this unstated requirement into the statute. RCW 61.24.050 makes no reference to either RCW 61.24.060 or its provision entitling a purchaser to possession 20 days after the sale. Nothing in the legislative history of the 1998 amendment suggests that the legislature intended to modify when the purchaser was entitled to possession. Additionally, other references to the word "sale" in chapter 61.24 RCW appear to require this word to mean the actual day the trustee's sale is conducted rather than the date a deed is recorded.[21]

¶28 Laffranchi was entitled to possession, subject to any rights of DeVore established in this or another proceeding, 20 days after April 13, 2007. Due to our disposition of this case, we find it unnecessary to reach the remaining issues raised by the parties, except a request for attorney fees made by DeVore.

¶29 DeVore requests attorney fees under RCW 59.18-.290(1), which provides:

> It shall be unlawful for the landlord to remove or exclude from the premises the tenant thereof except under a court order so

---

[18] 27 MARJORIE D. ROMBAUER, WASHINGTON PRACTICE: CREDITORS' REMEDIES—DEBTORS' RELIEF § 3.68, at 54 (Supp. 2007-08).

[19] See In re Engles, 193 B.R. 23, 27-28 (Bankr. S.D. Cal. 1996).

[20] Engles, 193 B.R. at 28.

[21] See, e.g., RCW 61.24.090 (procedures for curing default before sale), .130 (conditions for restraining trustee's sale).

authorizing. Any tenant so removed or excluded in violation of this section may recover possession of the property or terminate the rental agreement and, in either case, may recover the actual damages sustained. The prevailing party may recover the costs of suit or arbitration and reasonable attorney's fees.

To be awarded fees and costs under this statute, DeVore must prove that Laffranchi removed or excluded him from the disputed property without a court order authorizing him to do so. At this point in this litigation, DeVore has not met the requirements of RCW 59.18.290(1) and is not entitled to any award of fees under this statute.

¶30 Because the trial court lacked subject matter jurisdiction, we reverse and remand this case for further proceedings. If DeVore continues to assert a right to possession, Laffranchi must join him as a party defendant to maintain this case as an unlawful detainer proceeding. If the right to possession is no longer at issue, the trial court should exercise its discretion under *Munden v. Hazelrigg*[22] to decide whether to convert this case to a general civil case for adjudication of DeVore's claims for monetary and equitable relief.

ELLINGTON and LAU, JJ., concur.

---

[22] 105 Wn.2d 39, 45-46, 711 P.2d 295 (1985).