IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| FABIAN VAKSMAN, and all other occupants, | ) ) ) | No. 74795-9-I |
| | ) | DIVISION ONE |
| Appellant, | ) ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| BRYCE D. LYSTAD, | ) ) | |
| Respondent. | ) | FILED: July 24, 2017 |

SCHINDLER, J. — Representing himself pro se, Fabian Vaksman appeals the order granting a writ of restitution under the Residential Landlord-Tenant Act of 1973, chapter 59.18 RCW. We affirm.

FACTS

Bruce D. Lystad owned a residence located at 3712 Shelby Road in Lynnwood. In June 2015, Lystad rented a room to Fabian Vaksman for $550 per month. Rent was due on the 10th of each month.

Four months later on October 8, 2015, Lystad notified Vaksman that effective November 10, 2015, the monthly rent would increase from $550 to $650 per month. The notice states that if Vaksman does not want to pay the new amount, he should provide notice as soon as possible or no later than October 20, 2015. The notice

states, in pertinent part:

> Please be advised that effective November 10, 2015, the monthly rent for the premises you now occupy shall be increased to $650.00 per month. This is a change from your present rent of $550.00 per month.
>
> Should you wish to continue your month-to-month tenancy, this new amount will be required. If you do not wish to pay this new amount, please provide your notice as soon as possible or no later than the legally required date of October 20th, 2015.

On November 11, 2015, Lystad's sister Cynthia Lystad issued a three-day notice to Vaksman to pay rent or vacate. The notice states the rent of $650 due on November 10 is in arrears. Cynthia Lystad signed the notice as the "landlord's agent." Vaksman did not pay the past-due amount or vacate the room.

On November 18, Bruce Lystad filed an unlawful detainer action. Lystad requested the court terminate the tenancy and issue a writ of restitution directing the Snohomish County Sheriff to restore possession.

Representing himself pro se, Vaksman filed an answer. Vaksman alleged Cynthia Lystad was not a "licensed real estate agent," the notice to vacate was "fraudulent," and the eviction was "unlawful retaliation."

On December 2, the court entered an order directing Vaksman to pay the rent owed into the court registry by December 10, 2015, or file a sworn statement that he did not owe the rent. The order states, "If you fail to do one of the above on or before the deadline date, the Sheriff could evict you without a hearing even if you have also received a notice that a hearing has been scheduled." Vaksman did not comply with the court order.

On December 15, a commissioner issued a writ of restitution to the Snohomish County Sheriff. The writ directed the sheriff to deliver possession of the room to Bruce

2

Lystad.

On December 17, Vaksman filed a motion to revise the commissioner's order granting the writ of restitution. Vaksman argued that because he did not move into the room until June 12, the rental period began on the 12th of each month. Vaksman also argued that when Cynthia Lystad issued the three-day notice, she was acting as an unlicensed managing broker in violation of RCW 18.85.331.

On December 22, Snohomish County Sheriff Deputy Ross served the writ of restitution on Vaksman. The next day, the court entered an order staying the writ of restitution pending a decision on the motion to revise.

On January 22, 2016, the court entered an order denying the motion for revision and vacating the stay. The order states, in pertinent part:

> Bruce Lystad is the Plaintiff in this matter and the court is satisfied that Cynt[h]ia Lystad has authority to act as his agent. There is a dispute as to when the rental period started. Plaintiff claims the 10th and Defendant claims the 12th of the month. There is a 30 day notice change letter given on the 8th of the month indicating that the rent would be $650.00 per month as of the 10th of the following month. The Defendant hasn't paid anything into the court registry despite the [RCW] 59.18.375 notice. The Plaintiff had no obligation to change the rental period or accept a partial payment. The stay is vacated and the Sheriff shall not conduct the physical eviction until 5 February 2016.
> The motion to revise is denied. The timing ran from the 10th of the month until the 9th of the next month. The 3 day notice was properly served and the defendant has acknowledged receiving it.

On February 9, the court entered an order denying Vaksman's motion for reconsideration. On February 9, a commissioner granted the motion to issue a new order for a writ of restitution. The commissioner found the December 15, 2015 writ of restitution had expired and issued a new writ of restitution. The order states, "In the event that it is not possible to return the Writ within the required ten days there shall be

an automatic extension for an additional twenty days." On February 18, Snohomish County Sheriff Deputy Giralmo served the new writ of restitution on Vaksman.

ANALYSIS

Vaksman challenges the order denying his motion to revise the commissioner's decision to issue a writ of restitution and the order granting the writ of restitution.[1]

The decision of a court commissioner is subject to revision by the superior court. RCW 2.24.050.[2] RCW 2.24.050 states, in pertinent part:

> All of the acts and proceedings of court commissioners hereunder shall be subject to revision by the superior court. Any party in interest may have such revision upon demand made by written motion, filed with the clerk of the superior court, within ten days after the entry of any order or judgment of the court commissioner. Such revision shall be upon the records of the case, and the findings of fact and conclusions of law entered by the court commissioner.

On revision, the superior court reviews de novo the findings of fact and conclusions of law of the commissioner based upon the evidence and issues presented to the commissioner. State v. Ramer, 151 Wn.2d 106, 113, 86 P.3d 132 (2004). The superior court is "authorized to determine its own facts based on the record before the commissioner." In re Marriage of Dodd, 120 Wn. App. 638, 644, 86 P.3d 801 (2004).

The Residential Landlord-Tenant Act of 1973 (RLTA), chapter 59.18 RCW, creates a special and summary proceeding for the recovery of possession of real property. Hous. Auth. of City of Seattle v. Silva, 94 Wn. App. 731, 734, 972 P.2d 952 (1999). To take advantage of the summary proceeding, a landlord must comply with the requirements of the unlawful detainer statute. Hous. Auth. of City of Everett v. Terry,

---

[1] Although we are mindful that Vaksman represents himself pro se, we hold self-represented litigants to the same standards as attorneys. In re Marriage of Olson, 69 Wn. App. 621, 626, 850 P.2d 527 (1993).

[2] See also WASH. CONST. art. IV, § 23.

4

114 Wn.2d 558, 563-64, 789 P.2d 745 (1990). Because unlawful detainer statutes are in derogation of the common law, we must strictly construe the statutes in favor of the tenant. Terry, 114 Wn.2d at 563.

Vaksman contends the three-day notice signed by Cynthia Lystad to pay rent or vacate is "not legally valid" because she issued the notice as an unlicensed "managing broker" in violation of RCW 18.85.331. But RCW 18.85.331 does not apply.

Under the RLTA, a landlord may give written notice to the tenant for the failure to pay rent. RCW 59.18.170.[3] The RLTA defines a "landlord" as the owner of a dwelling unit or any person designated as a representative of the owner, including an agent or property manager. RCW 59.18.030(14).

> "Landlord" means the owner, lessor, or sublessor of the dwelling unit or the property of which it is a part, and in addition means any person designated as representative of the owner, lessor, or sublessor including, but not limited to, an agent, a resident manager, or a designated property manager.

RCW 59.18.030(14).

The record supports the finding that Cynthia Lystad had the authority to issue the three-day notice to pay or vacate as the representative of the landlord Bruce Lystad.

Vaksman also contends the three-day notice to pay rent or vacate is invalid because of a "fraudulent date." The notice states Vaksman did not pay rent for the rental period of November 10 to December 9, 2015. Vaksman argues the rental period began on the 12th of each month because he did not move in until June 12, 2015. But

---

[3] RCW 59.18.170 states:

If at any time during the tenancy the tenant fails to carry out the duties required by RCW 59.18.130 [(e.g., paying "the rental amount at such times and in such amounts as provided for in the rental agreement")] or 59.18.140, the landlord may, in addition to pursuit of remedies otherwise provided by law, give written notice to the tenant of said failure, which notice shall specify the nature of the failure.

other than his own self-serving affidavit, nothing in the record supports the contention that he did not move until June 12, 2015 or that the parties agreed the rental period should begin on the 12th of each month. The record supports the court's finding that the rental period began on the 10th of each month. As noted by the court, the notice on October 8, 2015 states that the rent would increase effective November 10, 2015 and the landlord had not obligation to change the rental period.

Next, Vaksman contends the court ignored the "facts of retaliation." At a show cause hearing in an unlawful detainer action, the court may not disregard evidence that credibly supports a legitimate defense. Faciszewski v. Brown, 187 Wn.2d 308, 321, 386 P.3d 711 (2016).

RCW 59.18.240 prohibits a landlord from retaliating against a tenant for any good faith and lawful complaint or assertion of rights. RCW 59.18.240 provides, in pertinent part:

> So long as the tenant is in compliance with this chapter, the landlord shall not take or threaten to take reprisals or retaliatory action against the tenant because of any good faith and lawful:
> . . . .
> (2) Assertions or enforcement by the tenant of his or her rights and remedies under this chapter.
> "Reprisal or retaliatory action" shall mean and include but not be limited to any of the following actions by the landlord when such actions are intended primarily to retaliate against a tenant because of the tenant's good faith and lawful act:
> (a) Eviction of the tenant;
> (b) Increasing the rent required of the tenant.

The court found the "retaliation statute does not apply to the facts in this case." The record supports the court's finding. The record shows Cynthia Lystad issued Vaksman a notice to pay rent or vacate because he had not paid his rent. Vaksman argues Cynthia Lystad evicted him in retaliation for a "valid police complaint." But

nothing in the record supports his argument.

In the alternative, Vaksman contends the sheriff executed an "expired writ." RCW 59.18.380 states that a court "shall enter an order directing the issuance of a writ of restitution, returnable ten days after its date," following a hearing on a motion for a writ of restitution "if it shall appear that the plaintiff has the right to be restored to possession of the property." RCW 59.18.380 provides, in pertinent part:

> At the time and place fixed for the hearing of plaintiff's motion for a writ of restitution, the defendant, or any person in possession or claiming possession of the property, may answer, orally or in writing, and assert any legal or equitable defense or set-off arising out of the tenancy. If the answer is oral the substance thereof shall be endorsed on the complaint by the court. The court shall examine the parties and witnesses orally to ascertain the merits of the complaint and answer, and if it shall appear that the plaintiff has the right to be restored to possession of the property, the court shall enter an order directing the issuance of a writ of restitution, returnable ten days after its date, restoring to the plaintiff possession of the property.

Nothing in the statute prohibits a court from extending the 10-day period to return a writ of restitution. Here, the court entered an order issuing a writ of restitution to the sheriff on February 9, 2016. The order states, "In the event that it is not possible to return the Writ within the required [10] days there shall be an automatic extension for an additional [20] days." The sheriff executed the writ on March 1, 2016, and returned the writ on March 8, 2016. Because the order included an automatic 20-day extension of the statutory 10-day period, the sheriff timely executed and returned the writ before it expired 30 days after February 9, 2016.

Vaksman also claims the court did not have jurisdiction to consider his motion for reconsideration. Vaksman argues the court lacked jurisdiction because "[c]ome Feb[ruary] 9, 2016, the trial court Judge was scheduled to be elsewhere and not on duty

for civil motions."[4] But the record shows the judge signed the order denying Vaksman's motion to reconsider on February 9, 2016.

Without citation to authority, the landlord Bruce Lystad requests an award of attorney fees on appeal. We deny the request for attorney fees. A party must devote a section of the brief to the fee request. RAP 18.1(b). The rule "requires more than a bald request" for attorney fees. Thweatt v. Hommel, 67 Wn. App. 135, 148, 834 P.2d 1058 (1992). Citation to authority is required under the rule. Austin v. U.S. Bank of Wash., 73 Wn. App. 293, 313, 869 P.2d 404 (1994).

We affirm.

Spearman, J.

WE CONCUR:

Leach, J.

Becker, J.

---

[4] Emphasis in original.