IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| J.H. PROPERTIES, | ) | |
| | ) | No.  35527-6-III |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BILLY E. THOMPSON, AND ALL | ) | UNPUBLISHED OPINION |
| OTHER OCCUPANTS, | ) | |
| | ) | |
| Respondents. | ) | |

SIDDOWAY, J. — After losing its unlawful detainer action against Billy E.

Thompson, J.H. Properties objected to his request for an award of attorney fees.  It

argued that Mr. Thompson breached a "no smoking" provision of his lease and that it had

lost its unlawful detainer action solely because it was found to have waived the breach by

accepting rent.  The trial court awarded the fees.  Its order awarded them to Northwest

Justice Project, which had represented Mr. Thompson in the action, and identified

Northwest Justice Project as the judgment creditor.

Approximately three weeks after entry of the order, Mr. Thompson died

unexpectedly.  J.H. Properties then filed this appeal in which it for the first time

challenges the trial court's jurisdiction to award fees, the reasonableness of the award

amount, and Northwest Justice Project's standing to appeal.

We decline to consider issues raised for the first time on appeal. We hold that the order refusing to modify our commissioner's decision that Northwest Justice Project could be substituted as the appellant is final and binding. We affirm the trial court's order and award Northwest Justice Project its reasonable attorney fees and costs on appeal subject to compliance with RAP 18.1(d).

## FACTS AND PROCEDURAL BACKGROUND

On May 11, 2017, J.H. Properties filed a complaint for unlawful detainer against Billy E. Thompson, alleging he had violated no smoking provisions of his lease. Mr. Thompson, represented by Northwest Justice Project, filed an answer in which he asserted waiver, among other affirmative defenses. At a show cause hearing on May 30,[1] J.H. Properties requested a continuance to obtain information about rent payment to respond to the waiver defense. The court granted a one-week continuance.

In a response to the waiver defense, J.H. Properties argued to the court that *First Union Management, Inc. v. Slack*, 36 Wn. App. 849, 679 P.2d 936 (1984) held that "[a] landlord does not waive non-monetary breaches . . . by taking a rent payment from the tenant where the tenant is given notice that acceptance of rent is not a waiver of the preceding or existing breach." Clerk's Papers (CP) at 88 (Finding of Fact 20). At the continued show cause hearing on June 5, the trial court orally ruled that J.H. Properties' acceptance of rent did not constitute a waiver of any breach of the lease by Mr.

---

[1] All of the trial court proceedings took place in 2017.

Thompson but that an issue of fact remained as to whether Mr. Thompson had breached. It set the matter for an evidentiary hearing.

At the evidentiary hearing that took place thereafter, Mr. Thompson persisted in his argument of waiver, and the trial court reversed its position. In findings of fact that are not challenged on appeal, the trial court found that following J.H. Properties' service in February and April 2017 of notices to comply or vacate, to terminate, and to quit and vacate due to nuisance, it accepted four payments toward Mr. Thompson's May and June rent. While it found that an April notice served by J.H. Properties asserted that the receipt of rent with knowledge of a breach was not a waiver, the court concluded that the notice was a "unilateral statement" by J.H. Properties and was not binding on Mr. Thompson. Report of Proceedings (RP) at 118. It distinguished *First Union Management* as having involved a nonwaiver clause that appeared in the parties' lease and *did* bind the tenant. Finding that J.H. Properties had waived any breach, the court granted Mr. Thompson's motion to dismiss the unlawful detainer action.

Mr. Thompson moved for an award of attorney fees and costs. He relied on a provision of the lease and on RCW 59.18.290(2). J.H. Properties resisted the motion. In both its written opposition and at oral argument of the motion, J.H. Properties relied solely on its contention that an award of attorney fees under RCW 59.18.290(2) was discretionary and that the contractual right to fees turned on an issue of "breach or default." CP at 109. It argued that because the trial court had not found that Mr.

Thompson complied with terms of the lease, "principles of equity support denying an award of attorney fees." CP at 110; *and see* RP at 122-23.

The court orally granted the attorney fee motion. Mr. Thompson and Northwest Justice Project thereafter presented an order awarding fees and costs totaling $5,467.25. The order stated that "[p]laintiff shall pay a reasonable attorney fee of $4560.00 to [d]efendant's attorney Northwest Justice Project" and "[p]laintiff shall pay costs of $907.25 to [d]efendant's attorney Northwest Justice Project." CP at 118. It identified Northwest Justice Project as the judgment creditor. J.H. Properties did not object to the form of order or contest the reasonableness of the fees and costs.

On August 22, roughly three weeks after entry of the order awarding fees and costs, Mr. Thompson died unexpectedly. J.H. Properties timely appealed.

After Northwest Justice Project was notified of Mr. Thompson's death, it moved to substitute as the respondent on appeal. In support of its motion, it filed an authenticated, redacted copy of its retainer agreement with Mr. Thompson that contained assignment language.[2] J.H. Properties objected. The motion was granted by our court commissioner.

---

[2] The agreement provided in relevant part as to "Attorney fees" that, "In some cases, a court can require the opposing party to pay attorney fees. [Northwest Justice Project] may claim and retain an award of attorney fees from the opposing party to the extent allowed by law." *See* Second Decl. of Tyler Graber, Ex. C at 1 (boldface omitted). As to "Litigation or case costs," it provided, "If my case is filed in court, [Northwest Justice Project] can try to collect from the opposing party the amount of costs advanced

4

J.H. Properties filed a motion asking the court to modify the commissioner's

ruling, which was denied by a three-judge panel.  J.H. Properties did not seek

discretionary review by the Supreme Court of the court's order denying its motion to

modify the commissioner's ruling.

## ANALYSIS

J.H. Properties makes three assignments of error on appeal.  We address them in

the order presented.

J.H. Properties' first assignment of error is that the trial court erred in awarding

attorney fees "because no basis exists for the award, and the award was unjust and

unreasonable given the trial court's prior letter ruling."  Appellant's Br. at 1.  In the

argument section of its brief, J.H. Properties asks that we review de novo (1) whether the

trial court lacked jurisdiction over the unlawful detainer action and for that reason could

not award fees, citing *Housing Authority of the City of Everett v. Terry*, 114 Wn.2d 558,

789 P.2d 745 (1990); (2) whether because Billy Thompson, not Northwest Justice

Project, was the party to the lease agreement, a contractual basis for the fee award was

lacking; and (3) whether Northwest Justice Project violated the statutory procedure for

entry of judgment when it identified itself as the judgment creditor.  Appellant's Br. at 6-

11.

---

by [Northwest Justice Project]."  *Id.*

None of these arguments was made in the trial court. RAP 2.5(a) states the general rule for appellate disposition of issues not raised in the trial court: appellate courts will not entertain them. *State v. Guzman Nunez*, 160 Wn. App. 150, 157, 248 P.3d 103 (2011) (citing *State v. Scott*, 110 Wn.2d 682, 685, 757 P.2d 492 (1988)), *aff'd*, 174 Wn.2d 707, 285 P.3d 21 (2012). The reason for this rule is to afford the trial court the opportunity to correct errors, thereby avoiding unnecessary appeals and retrials. *Smith v. Shannon*, 100 Wn.2d 26, 37, 666 P.2d 351 (1983).

Should J.H. Properties contend that the equitable argument it raised in the trial court can be found in its argument on appeal, we reject that argument. Waiver by acceptance of rent is a defense to a claim of breach. By bringing an unlawful detainer action after accepting May and June rent payments, J.H. Properties subjected Mr. Thompson to a meritless suit. It fails to cite any authority suggesting the equities operate in its favor on these facts.

J.H. Properties' second assignment of error is to the amount of the fee award given that the trial court originally ruled that J.H. Properties had not waived its claims of breach. Citing the court's reversal of itself, J.H. Properties argues that most of Mr. Thompson's fees and costs would not have been incurred "had the case been dismissed at the time of the letter ruling on June 12." Appellant's Br. at 13. It cites no authority for the proposition that a legal error by the trial court, later reconsidered, is a basis for

6

denying attorney fees to a party that was correct in its legal position all along. Here, too, however, we decline to review this contention raised for the first time on appeal.

J.H. Properties' third assignment of error is that Northwest Justice Project is not a proper party to the appeal. Under the Rules of Appellate Procedure, our court commissioner is authorized to rule on a motion to substitute a party on appeal. *See* RAP 17.2(a) (a commissioner rules on all motions except "(1) a motion in a brief, (2) a motion to modify a ruling by a commissioner or the clerk, (3) a motion for reconsideration of a decision, (4) a motion to recall the mandate . . . and (5) a motion to publish"). A party aggrieved by a commissioner's ruling may move to have the ruling modified by a three-judge panel. *State v. Rolax*, 104 Wn.2d 129, 133, 702 P.2d 1185 (1985). Following a ruling by a three-judge panel, the aggrieved party may seek discretionary review by the Supreme Court. RAP 13.5(a). Because J.H. Properties did not seek discretionary review by the Supreme Court, the panel's decision denying the motion to modify our commissioner's decision is final and binding. We will not reconsider it.

Northwest Justice Project requests an award of attorney fees and costs on appeal, citing RAP 18.1, RAP 18.9, the lease agreement, and RCW 59.18.290(2).

Under RAP 18.1(a), a party may recover attorney fees on appeal if authorized by applicable law. When a lease contains a unilateral attorneys' fees and costs provision RCW 4.84.330 operates to make that provision bilateral. Additionally, RCW 59.18.290(2) permits the prevailing party in an unlawful detainer action to recover

7

No. 35527-6-III
*J.H. Properties v. Thompson*

59.18.290(2) permits the prevailing party in an unlawful detainer action to recover reasonable attorneys' fees and costs. We award Northwest Justice Project its reasonable attorney fees and costs on appeal subject to compliance with RAP 18.1(d).

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Siddoway, J.

WE CONCUR:

_____
Lawrence-Berrey, C.J.

_____
Pennell, J.

8