[No. 12603.   Department Two.   June 21, 1915.]

W. H. JEFFRIES *et al.*, *Appellants*, v. J. W. SPENCER *et al.*,
*Respondents.*[1]

LANDLORD AND TENANT—UNLAWFUL DETAINER—CONDITIONS PRECED-
ENT—PROVISION IN LEASE—NOTICE. Demand and notice to quit is a
condition precedent to an action against a tenant for unlawful de-
tainer, under Rem. & Bal. Code, § 812, requiring notice and giving
three days' grace thereafter, and the same is not excused by a clause
in the lease providing for its termination at the lessor's option on
default in payment of the rent for thirty days after due; nor by the
fact that waste is charged.

EJECTMENT—LEASED PREMISES—EXPIRATION OF TERM. An action
of unlawful detainer of leased premises cannot be upheld as an
action of ejectment where the term had not expired.

EJECTMENT—PROCESS—JURISDICTION. The special summons au-
thorized in unlawful detainer is insufficient to confer jurisdiction in
ejectment.

Appeal from a judgment of the superior court for Che-
halis county, Irwin, J., entered July 10, 1914, upon sustain-
ing a demurrer to the complaint, dismissing an action for un-
lawful detainer. Affirmed.

*O. M. Nelson,* for appellants.

*E. S. Avey,* for respondents.

ELLIS, J.—Action for unlawful detainer of leased premises.
On March 7, 1913, the plaintiffs, by written lease, de-
mised to defendants certain farm lands in Chehalis county
for one year, with the option in the lessees to renew the lease,
on specified terms, for one or more years up to five. The
stipulated rental for the first year was $300, to be paid by
clearing and plowing a certain twelve acres, or in the alterna-
tive in cash, one-half on September 1, 1913, and one-half on
January 1, 1914. The lease provided that, in case of default
in the payment of any portion of the rent when due and for

[1]Reported in 149 Pac. 651.

thirty days thereafter, the lessors might reenter and at their option terminate the lease.

In January, 1914, the plaintiffs brought this action to recover possession of the premises. In their complaint they set out generally some of the terms of the lease; alleged that none of the land had been cleared nor any of the rent paid; that, about December 1, 1913, they notified the defendants to vacate the premises and now elect to terminate the lease; that the defendants have committed waste of the premises to the plaintiff's damage in the sum of $1,000; that they were the owners in fee simple of the premises; that the defendant J. W. Spencer assaulted the plaintiff W. H. Jeffries, thereby damaging plaintiff in the sum of $1,000. The prayer was for a writ of restitution, a cancellation of the lease, and for judgment in the sum of $2,600. The summons was the special statutory summons prescribed in such cases. Rem. & Bal. Code, § 818 (P. C. 81 § 1409).

Pursuant to this complaint and upon the filing of a bond by plaintiffs, conditioned as in an action for unlawful detainer (Rem. & Bal. Code, § 819 [P. C. 81 § 1411]), a writ of restitution was issued and plaintiffs were placed in possession of the premises. A general demurrer to the complaint was overruled.

The defendants by answer, so far as here material, admitted their entry under the lease; denied any failure to perform the agreed labor; denied that any notice was given them to vacate the premises prior to the commencement of this action; denied the commission of any waste; admitted striking plaintiff, but sought to justify the assault; averred their willingness to perform all the covenants of the lease, but alleged that they were prevented from doing so by the conduct of the plaintiffs. The reply traversed the affirmative matter in the answer.

When the case was called for trial, the defendants objected to the introduction of any evidence on the ground that the complaint failed to state a cause of action, in that

it contained no allegation of the giving of any written no-
tice to pay rent or vacate as prescribed by statute.    The
plaintiffs admitted that no such notice was given.    There-
upon the court sustained the objection, dismissed the cause
with prejudice, and awarded defendants their costs.    The
plaintiffs appeal.

It is contended: first, that, because of the provision in
the lease for its termination at the lessors' option on default
in payment of any rent for thirty days after due, the stat-
utory notice to quit or pay rent was unnecessary; second,
that this is an action in ejectment in which the statutory no-
tice is not a condition precedent.

*First.*   It is claimed that, to require the alternative notice
where the lease itself provides for a forfeiture of the term
for nonpayment of rent at the lessors' option, would be an
interference with the right of contract.    This position is
untenable.    It misses the only legitimate purpose of the pro-
vision in question.    It construes as penal a provision which
from the nature of the contract could only be intended as
remedial.    The clear purpose of such a provision, however
worded, is to insure the payment of rent.    The statute, rec-
ognizing this remedial purpose, imports into every lease the
three days of grace after notice, and permits a forfeiture of
the term only in case of a failure to comply with such notice.
Rem. & Bal. Code, § 812 (P. C. 81 § 1397).    If the rent be
paid within the three days, every legitimate purpose of the
contract has been met.    To construe the provision otherwise
would be to pervert the true purpose of the contract and to
enforce a penalty and encourage a forfeiture, both of which,
even in the absence of a contravening statute, are contrary
to the settled policy of the law.

It is no answer to say that the payment of rent would
permit a continuance of waste by the tenant, thus abrogating
the right of reentry for waste.    The fifth subdivision of the
above cited section of the statute permits the maintenance
of the action on a mere three days' notice to quit, without

the alternative of paying rent. The clear purpose being to require, as a condition precedent to the institution of the action for unlawful detainer, the three days' notice to quit or pay the rent, where reentry is sought for nonpayment of rent, and the simple three days' notice to quit, where the offense of the lessee is waste or an illegal use of the premises. In either case, the sole purpose of the provision in the lease for a termination of the term is fully met. The appellants overlook the plain fact that the summary action for unlawful detainer is only accorded after three days' notice either to quit or pay the rent, or quit absolutely, according to the nature of the default. It is no hardship to require the giving of the statutory notice as a condition precedent to invoking the benefit of the statutory remedy. In the case before us, the plaintiffs seek to terminate the lease both for the failure to pay rent and because of the commission of waste. To maintain the action, either form of notice would have been sufficient, but it is admitted that neither was given. The notice being a statutory prerequisite to the invocation of the statutory remedy, the action was properly dismissed.

The case of *Shannon v. Grindstaff*, 11 Wash. 536, 40 Pac. 123, which the appellants cite as a case parallel to that before us, is wholly inapplicable to the facts here presented. In that case the tenant had sublet the premises without the consent of the landlord, contrary to the provisions of the lease. The landlord never recognized the sublessee as his tenant, but terminated the lease by an amicable agreement with the original tenant. The sublessee and the landlord never occupied the relation of landlord and tenant. There was no valid lease to terminate as between them, hence no notice was necessary, and ejectment, rather than the action of unlawful detainer, was the proper remedy.

The appellants also cite the recent case of *Keene v. Zindorf*, 81 Wash. 152, 142 Pac. 484, as intimating that the lessee may waive the statutory notice by the acceptance of a lease containing such a waiver. It is true that the lease in-

volved in that case contained such a waiver, but the court did not pass upon its validity. The court, however, did hold that, even in such a case, the forfeiture of rights under the lease could not be claimed without notice of forfeiture. In any event, the lease here in question contained no such waiver.

*Second.* We find it unnecessary to determine whether ejectment would lie to recover possession of leased premises where the lease had terminated either by expiration of the term or by the legal exercise of an option to terminate accorded by the lease itself. In the first place, neither of these conditions existed in the present case. The term of the lease had not expired and the lease had not been terminated as required by statute, which, as we have seen, is an implied condition of every lease, certainly in the absence of waiver of notice. In the second place, this is not an action in ejectment, but an action in unlawful detainer. This is shown, not only by the character of the relief sought, but also by the form of the summons. The special summons here employed would be wholly insufficient to confer jurisdiction of the parties in an action in ejectment.

The judgment is affirmed.

MORRIS, C. J., FULLERTON, MAIN, and CROW, JJ., concur.