IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| FPA CRESCENT ASSOCIATES, LLC, a Delaware limited liability company, | ) ) ) | No. 32705-1-III |
| Respondent, | ) ) | |
| v. | ) ) | |
| | ) | PUBLISHED OPINION |
| JAMIE'S LLC; PENDLETON ENTERPRISES, LLC, a Washington limited liability company, d/b/a The Daiquiri Factory Spokane; and JAMIE PENDLETON, an individual, | ) ) ) ) ) ) | |
| Appellants. | ) | |

LAWRENCE-BERREY, J. — This case presents the issue of whether a landlord may bypass the notice and right to cure provision of RCW 59.12.030(3) by declaring a tenant in default for nonpayment of rent, then terminating the tenancy, and then arguing that the tenant is a holdover tenant unlawfully detaining under RCW 59.12.030(1). We answer "no" to the issue presented. We reverse and remand to the trial court for it to consider the tenant's proper remedy.

FACTS

Respondent FPA Crescent Associates LLC (FPA) owns the Crescent Building, located in downtown Spokane. It leased a portion of the building to Jamie's, LLC. Jamie Pendleton personally guaranteed the lease. The parties added Pendleton Enterprises LLC to the lease shortly thereafter. We refer to the appellants collectively as "Pendleton."

The lease commenced February 1, 2014, and provided an expiration date of midnight, July 31, 2021. The lease defined the "lease term" as beginning on the commencement date and ending on the expiration date, unless terminated sooner pursuant to the express terms and conditions of the lease. Clerk's Papers (CP) at 27 The lease required payment of monthly "base rent" and "additional rent." CP at 24. Base rent of $4,754.00 per month was abated for the first six months, unless Pendleton defaulted, in which case abated rent was immediately due in full. Additional rent generally was defined as Pendleton's pro rata share of common maintenance charges, taxes, and insurance, in relation to the total gross area of FPA's building. Additional rent was not abated. The lease defined "default" as including any failure by Pendleton to pay any rent when due. CP at 30. Paragraph 19.2 of the lease authorized FPA to terminate the lease on any event of default:

> Upon the occurrence of any event of default by Tenant, Landlord shall
> have, in addition to any other remedies available to Landlord at law or in
> equity, the option to terminate this Lease, in which event Tenant shall
> immediately surrender the Premises to Landlord, and if Tenant fails to do
> so, Landlord may, without prejudice to any other remedy which it may have

2

for possession or arrearages in rent, enter upon and take possession of the Premises and expel or remove Tenant.

CP at 31.

Pendleton failed to timely pay the additional rent charge for the month of May 2014. On May 9, FPA served Pendleton with a "Notice of Termination of Lease" for failure to pay rent. CP at 46. FPA informed Pendleton that as of May 7, $2,229.61[1] was due on its account. The termination notice demanded that Pendleton immediately surrender the premises as of the date of the notice. The notice stated, "If the Tenant does not voluntarily and immediately surrender the Premises, as required in Section 19.2 of the Lease, the Landlord will take immediate legal action for possession or arrearage in Rent and expel or remove the Tenant." CP at 46. On May 10, Pendleton sent payment to FPA via certified mail. FPA received the funds on May 13. Again on May 16, Pendleton sent payment to FPA. FPA returned the two checks to Pendleton.

On May 28, FPA filed a summons for unlawful detainer against Pendleton. In its verified complaint for unlawful detainer, FPA requested a writ of restitution claiming that Pendleton failed to pay rent and other charges under the lease and failed to surrender possession of the premises. FPA asked for immediate possession of the property. FPA

---

[1] The amount due included a holdover balance, which Pendleton disputed. Pendleton took exception to FPA's claims that it did not pay rent. Both Pendleton and FPA filed documents with the trial court recounting the billing issues and documenting the disagreement.

also claimed (1) breach of the lease by failing to make rent payments, (2) breach of the lease by illegal actions due to two trademark infringement cases pending against Pendleton and due to Pendleton's failure to prohibit patrons from taking alcohol outside the bar, and (3) breach of guaranty and contract for Pendleton's failure to make all payments due under the lease. FPA asked for monetary damages in the amount of unpaid rent and damages under the lease at the time of judgment.

On June 11, the trial court held a show cause hearing. FPA's argument centered on Pendleton's failure to pay rent and FPA's subsequent termination of the lease. FPA said it notified Pendleton of the hearing and served a notice of termination, which is all that was required under the statute. FPA argued that it was not required to give notice of charges that were due or an attempt to cure. In reply briefing, FPA noted that a tenant is guilty of unlawful detainer when he or she holds or continues in possession after expiration of the term for which it is let to him or her, with a general cite to RCW 59.12.030. In response, Pendleton challenged FPA's calculation of rent and billing process. It did not argue that FPA failed to provide notice and a right to cure.

The trial court granted FPA's request and issued an order for writ of restitution for unlawful detainer. The court found no defect in the notice when considering the requirements of the lease. The court also determined that the issue of damages needed to be examined at another hearing.

One week later, on June 18, Pendleton filed a motion to quash the writ of restitution and to dismiss the unlawful detainer action with prejudice. Pendleton argued that FPA failed to abide by the notice and right to cure provisions of the unlawful detainer statute. Specifically, Pendleton maintained that pursuant to RCW 59.12.030(3) for actions based on nonpayment of rent, FPA needed to give Pendleton notice that it could either vacate the premises or cure the default within three days of service. Pendleton argued that the action should be dismissed because Pendleton attempted to cure, but FPA refused to accept the payment.

A few days after the motion to quash was filed, the Spokane County Sheriff's Department executed the writ of restitution authorized by the trial court. A locksmith opened the doors and replaced the locks. FPA took possession of the premises.

On June 26, FPA responded to the motion to quash. FPA contended that the terms of the lease controlled, and that the lease terms did not provide for a notice and right to cure. FPA maintained that RCW 59.12.030(1) applied, not RCW 59.12.030(3), because Pendleton was a holdover tenant as a result of FPA earlier terminating the lease due to default. FPA further maintained that the amount tendered was insufficient because Pendleton actually owed $19,016.00, which included abated rent.

The trial court heard arguments on July 3. Following argument, the trial court dismissed the motion to quash the writ of restitution. The trial court found that Pendleton's motion was procedurally unsupported because Pendleton did not provide a

5

basis in the court rules or RCW 59.12.010 to grant the relief requested, or a basis to support a change in the court's prior decision on the writ of restitution. The court also found that the parties' lease did not require notice under RCW 59.12.030, nor did it require FPA to accept post-termination tender of rent to cure the amount owed.

FPA filed a motion for summary judgment on its breach of lease claim and its breach of guaranty and contract claim, both of which involved the nonpayment of rent and the default provision of the lease. FPA requested partial summary judgment on liability, $21,245.61 in damages occurring prior to termination, and $33,324.20 in attorney fees.

Pendleton responded that summary judgment was not appropriate because FPA was not entitled to relief under the unlawful detainer statute. Again, Pendleton claimed that FPA did not provide notice and a right to cure under the statute and that FPA had not presented any legal authority stating that a lease agreement can negate the notice requirement of the unlawful detainer statute. In a new argument, Pendleton challenged the subject matter jurisdiction of the trial court. Pendleton maintained that the court's jurisdiction was conditional on FPA's compliance with the procedures of the special unlawful detainer statute. Thus, any noncompliance with the statutory method of process precluded the superior court from exercising subject matter jurisdiction over the unlawful detainer proceeding. Last, Pendleton contended that FPA's action for unlawful detainer confused the statutory proceeding with the common law action of ejectment. Pendleton

6

maintained that in order to take advantage of the benefits of a summary unlawful detainer action for failure to pay rent, FPA needed to abide by the statutory requirements.

After argument, the trial court took the matter under advisement. FPA filed a supplemental brief in support of summary judgment. FPA clarified that its unlawful detainer action was not premised on nonpayment of rent in RCW 59.12.030(3) but on holdover tenants in RCW 59.12.030(1), which does not require notice or a right to cure. FPA argued that it did not violate the statute and the trial court had jurisdiction to hear the matter and order summary judgment in favor of FPA.

Pendleton opposed FPA's supplemental briefing. Pendleton maintained that FPA's complaint for unlawful detainer was based on nonpayment of rent, not based on RCW 59.12.030(1) for holdover tenants who remain in possession after expiration of the term for which the property is let. Pendleton contended that holdover due to expiration of a term does not apply in this situation because the 90-month term had not expired.

The trial court eventually granted FPA's motion for summary judgment. The trial court determined that Pendleton defaulted on the lease by failing to timely pay amounts owing when due. The trial court also determined that FPA terminated the lease pursuant to its own terms and obtained a writ of restitution pursuant to RCW 59.12.030(1). Because FPA was the prevailing party, the trial court awarded FPA damages and attorney fees.

7

Pendleton filed a motion for reconsideration, expanding on the issues raised in its opposition to supplemental briefing and prior arguments. In response, FPA contended that RCW 59.12.030(1) applied because the term of Pendleton's lease expired once FPA terminated the contract. Looking to the lease agreement, FPA argued that the lease term was defined as the term stated in the lease summary "**unless this Lease is sooner terminated pursuant to the express terms and conditions of this Lease.**" CP at 513.

The trial court denied Pendleton's motion for reconsideration. Pendleton appeals. It contends that the trial court erred when it granted summary judgment based on RCW 59.12.030(1), because the statute does not apply when a landlord unilaterally terminates a lease prior to the end of the specified term. Pendleton contends that RCW 59.12.030(3) applies to unlawful detainer actions for nonpayment of rent, and that the statute requires notice and a right to cure before the court has subject matter jurisdiction.

## ANALYSIS

This court reviews a summary judgment order de novo. *Lunsford v. Saberhagen Holdings, Inc.*, 166 Wn.2d 264, 270, 208 P.3d 1292 (2009) (quoting *City of Spokane v. Spokane County*, 158 Wn.2d 661, 671, 146 P.3d 893 (2006)). When reviewing a summary judgment order, the appellate court engages in the same inquiry as the trial court, viewing the facts and all reasonable inferences in the light most favorable to the nonmoving party. *Riojas v. Grant County Pub. Util. Dist.*, 117 Wn. App. 694, 697, 72

8

P.3d 1093 (2003). Summary judgment is appropriate only if the moving party can show that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR 56(c). "A material fact is one upon which the outcome of the litigation depends on whole or in part." *Atherton Condo. Apartment-Owners Ass'n Bd. of Dirs. v. Blume Dev. Co.*, 115 Wn.2d 506, 516, 799 P.2d 250 (1990).

The primary question here is the proper application of RCW 59.12.030(1) and (3). We review questions of law de novo. *Indigo Real Estate Servs., Inc. v. Wadsworth*, 169 Wn. App. 412, 417, 280 P.3d 506 (2012). The primary objective of statutory interpretation is to discern and implement legislative intent. *Dep't of Ecology v. Campbell & Gwinn, LLC*, 146 Wn.2d 1, 9, 43 P.3d 4 (2002). In determining legislative intent, we first look to the language of the statute. Absent ambiguity, a statute's meaning is derived from the language of the statute and we must give effect to that plain meaning as the expression of legislative intent. *Id.* at 9-10.

The unlawful detainer action in chapter 59.12 RCW provides an expedited method for resolving the right to possession and hastening the recovery of real property. *MacRae v. Way*, 64 Wn.2d 544, 546, 392 P.2d 827 (1964). "In such proceedings the superior court sits as a special statutory tribunal, limited to deciding the primary issue of right to possession together with the statutorily designated incidents thereto, *i.e.*, restitution and rent or damages." *Id.* (alteration in original). The primary issue to be resolved in an unlawful detainer action is the right to possession. *Port of Longview v. Int'l Raw*

*Materials, Ltd.*, 96 Wn. App. 431, 436, 979 P.2d 917 (1999). The burden is on the landlord in an unlawful detainer action to prove his or her right to possession by a preponderance of the evidence. *Hous. Auth. of City of Pasco & Franklin County v. Pleasant*, 126 Wn. App. 382, 392, 109 P.3d 422 (2005). "The possession of a tenant is originally lawful, and is so presumed until the contrary appears." *Duprey v. Donahoe*, 52 Wn.2d 129, 135, 323 P.2d 903 (1958).

"The unlawful detainer statute is in derogation of common law." *Hous. Auth. of City of Everett v. Terry*, 114 Wn.2d 558, 563, 789 P.2d 745 (1990). "The action of unlawful detainer is the legal substitute for the common-law right of personal re-entry for breach." *Woodward v. Blanchett*, 36 Wn.2d 27, 32, 216 P.2d 228 (1950). The statutory action relieves a landlord of having to file an expensive and lengthy common law action of ejectment. *Terry*, 114 Wn.2d at 563 (quoting *Wilson v. Daniels*, 31 Wn.2d 633, 643-44, 198 P.2d 496 (1948)). To take advantage of an unlawful detainer action and reap the benefits of the summary proceeding, a landlord must comply with the requirements of the statute. *Id.* at 563-64. Because the statute curtails the application of common law, any ambiguities must be strictly construed in favor of the tenant. *Id.*

There are seven situations where a tenant can be found in unlawful detainer of real property. RCW 59.12.030. Each situation outlines the proscribed action by the tenant and the requirements of the landlord to support a finding of unlawful detainer. The first subsection addresses a holdover tenant. That subsection provides that a tenant is guilty of

10

unlawful detainer "(1) [w]hen [it] . . . continues in possession . . . *after the expiration of the term for which it is let . . . .*" The third subsection addresses nonpayment of rent. That subsection provides that a tenant is guilty of unlawful detainer

> (3)  When he or she continues in possession in person or by subtenant after a default in the payment of rent, and after notice in writing requiring in the alternative the payment of the rent or the surrender of the detained premises, served (in manner in RCW 59.12.040 provided) in behalf of the person entitled to the rent upon the person owing it, has remained uncomplied with for the period of three days after service thereof. The notice may be served at any time after the rent becomes due.

RCW 59.12.030(3).

FPA contends that the unlawful detainer provision for holdover tenants, RCW 59.12.030(1), applies because Pendleton stayed in possession after FPA terminated the lease. FPA argues that because the lease allowed for termination for nonpayment of rent, and because FPA enforced that provision of the lease, the term of the lease had expired. Thus, FPA maintains that the statutory provision provides a basis to find Pendleton in unlawful detainer. We disagree. Because *Terry* requires us to construe ambiguities in the unlawful detainer statute strictly in favor of tenants, we distinguish "expiration of the term for which it is let" from a unilateral termination, such as what occurred here. We thus hold that a landlord must comply with RCW 59.12.030(3)'s notice and opportunity to cure procedures prior to bringing an unlawful detainer action against a tenant whose lease it unilaterally terminated for nonpayment of rent.

11

RCW 59.12.030(1) has no application here because it applies only to tenants who continue in possession "after the expiration of the term for which [the lease] is let." Even if we were not charged with construing ambiguities in the unlawful detainer act strictly in favor of tenants, we would hold that this construction is required by the plain language of the statute. "Expiration" is defined in *Black's Law Dictionary* as "[t]he ending of a fixed period of time." BLACK'S LAW DICTIONARY 700 (10th ed. 2009). "Let" means "[t]o offer (property) for lease." BLACK'S, *supra*, at 1043. Thus, under the plain language of the statute, a tenant is guilty of unlawful detainer if the tenant remains in possession of property past the fixed period of time for which the property is leased.

Thus, RCW 59.12.030(1) is applicable only after the expiration of the fixed term as specified in the lease agreement. Here, the lease contained a fixed term of 90 months with the option to extend for an additional fixed period. The initial 90 months had not expired prior to FPA's summons for unlawful detainer. FPA could not rely on RCW 59.12.030(1) to determine the right of possession.

For FPA's unlawful detainer action, the applicable subsection for relief is RCW 59.12.030(3). That subsection requires notice and a right to cure. The landlord must give written notice requiring surrender of the detained premises or payment of the delinquent rent within three days after service of the notice. The notice may be served at any time after the rent becomes due. RCW 59.12.030(3). Notice must be served in accordance with RCW 59.12.040. RCW 59.12.030(3). "In an action for unlawful

12

detainer alleging breach of a covenant, a notice which does not give the tenant the alternative of performing the covenant or surrendering the premises does not comply with the provisions of the statute." *Terry*, 114 Wn.2d at 564. "Once a tenant is guilty of unlawful detainer under RCW 59.12.030(3), a landlord may commence an unlawful detainer action by service and filing of the statutory summons and complaint." *Christensen v. Ellsworth*, 162 Wn.2d 365, 371, 173 P.3d 228 (2007).

The fact that the lease contained a right to terminate without notice does not relieve FPA of providing such notice in an unlawful detainer provision. *Jeffries v. Spencer*, 86 Wash. 133, 149 P. 651 (1915) is instructive. In *Jeffries*, the tenants and landowner entered into a written lease for farmland for one year, with the option to renew for one or more years. *Id.* The lease provided that in case of default in the payment of any portion of the rent when due and 30 days thereafter, the lessors might reenter and terminate the lease. *Id.* at 133-34. Less than one year into the lease, the tenant had not paid rent and failed to fulfill other terms of the lease. *Id.* The landowner elected to terminate the lease and notified the tenants to vacate the premises. *Id.* at 134. The next month, the landlord brought an unlawful detainer action to recover the premises. *Id.* The tenants contested the filing, contending that the landowner failed to give notice to pay rent or vacate the premises as prescribed by the unlawful detainer statute. *Id.* at 134-35. The trial court dismissed the case. *Id.* at 135.

13

On appeal, the landlord contended that because the provision in the lease allowed for its termination at the lessor's option on default in payment of any rent for 30 days after due, the statutory notice to quit or pay rent was unnecessary. The *Jeffries* court disagreed. The court held that requiring notice for nonpayment would not interfere with the forfeiture provision of the contract. *Id.* The court held that the three-day notice to pay rent or quit is a condition precedent to instituting an unlawful detainer action where re-entry is sought for nonpayment of rent. *Id.* at 136. "It is no hardship to require the giving of the statutory notice as a condition precedent to invoking the benefit of the statutory remedy." *Id. Jeffries* establishes that when a landlord seeks to recover a property because of a tenant's nonpayment of rent, and relies on the unlawful detainer statute as its basis, the termination provision of a contract does not provide a basis for circumventing the statutory requirements.

Here, FPA did not give proper notice under RCW 59.12.030(3). Prior to serving the unlawful detainer summons, FPA did not give Pendleton notice to pay the delinquent rent or surrender the premises. Due to the defective notice, FPA could not obtain relief under the unlawful detainer statute. We reverse the trial court's grant of summary judgment to FPA, hold that Pendleton was not guilty of unlawful detainer, and dismiss FPA's unlawful detainer action against Pendleton.

In its reply brief, Pendleton requests relief pursuant to RCW 59.12.090. An issue raised and argued for the first time in a reply brief generally will not be decided by an

14

No. 32705-1-III
*FPA Crescent Assocs. v. Jamie's LLC*

appellate court. *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992). *But see State v. State v. Haberman*, 105 Wn. App. 926, 933, 22 P.3d 264 (2001) (RAP 1.2(c) allows an appellate court to review an issue first raised in a reply brief if the ends of justice so require.). Because Pendleton first requested this remedy in its reply and gave no opportunity for FPA to respond, we will not consider what the proper remedy is for this court's dismissal of FPA's unlawful detainer action. Rather, we remand to the trial court for it to consider this issue after proper briefing and argument.

Reverse and remand.

Lawrence-Berrey, J.

WE CONCUR:

Siddoway, C.J.

Fearing, J.

15