IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| FPA CRESCENT ASSOCIATES, LLC, a Delaware limited liability company, | ) ) ) | No. 34714-1-III |
| Respondent, | ) ) ) | |
| v. | ) ) | UNPUBLISHED OPINION |
| JAMIE'S LLC, PENDLETON ENTERPRISES, LLC, a Washington limited liability company, d/b/a The Daiquiri Factory Spokane; and JAMIE PENDLETON, an individual, | ) ) ) ) ) ) ) | |
| Appellants. | ) | |

SIDDOWAY, J. — This is the third time that the landlord-tenant dispute between these parties has been before this court. The background details of what began as an unlawful detainer proceeding are set forth in the decision in the tenants' initial, successful appeal. *See FPA Crescent Associates, LLC v. Jamie's LLC*, 190 Wn. App. 666, 677, 360 P.3d 934 (2015) (*FPA* I)[1].

In this appeal, the tenants and their guarantor argue that following remand, the trial court (1) erred in offsetting the landlord's contract damages against the tenants'

---

[1] We will hereafter refer to cause number 32705-1-III as *FPA* I, and cause number 34335-9-III as *FPA* II.

award of attorney fees and costs and (2) violated the appearance of fairness doctrine. We agree that the trial court erred in awarding and offsetting contract damages without a trial; once again, we reverse the contract damages and fee award to the landlord. While we find no violation of the appearance of fairness doctrine, we do find it necessary to remand the tenants' attorney fee award to the trial court for reconsideration. We make no attorney fee award on appeal. We remand for proceedings consistent with this opinion.

PROCEDURAL BACKGROUND

FPA Crescent Associates, LLC (FPA), formerly leased commercial space in downtown Spokane to Jamie's, LLC and Pendleton Enterprises, LLC. The lease was guaranteed by Jamie Pendleton. On May 28, 2014, FPA filed a "Verified Complaint for Unlawful Detainer" against the two tenants and Mr. Pendleton (hereafter, collectively "Pendleton") alleging nonpayment of rent and breach of lease covenants "as a cause of action for unlawful detainer." *FPA I*, Clerk's Papers (CP) at 12. The complaint set forth four "cause[s] of action," in the following order: "Action for Issuance of Writ of Restitution," "Breach of Lease" (alleging unpaid rent), "Breach of Lease - Illegal Actions" (alleging other breaches of the parties' lease), and, "Breach of Guaranty and Contract." *Id.* at 16-18. The trial court ordered issuance of a writ of restitution to the Spokane County Sheriff two weeks later, on June 11, 2014.

Later in the month of June, FPA moved for and was granted partial summary judgment on its second and fourth causes of action alleging failure to pay rent owed

2

under the lease and a breach of Mr. Pendleton's personal guaranty. Judgment was entered in FPA's favor for $21,245.61, consisting of (1) $2,229.61 in unpaid "[a]dditional [r]ent," and (2) $19,061.00 in rent for the initial four months of the lease. *Id.* at 218-19, 282. The initial four months' rent had been abated, but abatement was forfeited under the lease if Pendleton committed a default that it failed to cure. The judgment entered bore interest at the 18 percent contract rate. The court also awarded FPA $49,870.50 in attorney fees and costs.

FPA had not provided Pendleton with notice and an opportunity to cure before commencing its unlawful detainer action, which is required by RCW 59.12.030(3) when unlawful detainer is based on nonpayment of rent. The trial court was persuaded by FPA that it was entitled to proceed based on Pendleton's status us a holdover tenant under RCW 59.12.030(1). An unlawful detainer action lies against a holdover tenant without providing notice and an opportunity to cure. Although the 90-month term of Pendleton's lease had not expired, FPA argued successfully in the trial court that it had the right under its lease to terminate Pendleton's lease for a default in payment of rent without notice; it had done so; and Pendleton was a holdover tenant by virtue of that early termination.

In this court's published opinion in *FPA* I, we held that unlawful detainer against a holdover tenant under RCW 59.12.030(1) "is applicable only after the expiration of the fixed term as specified in the lease agreement." *FPA* I, 190 Wn. App. at 677. Concluding that FPA did not give proper notice under RCW 59.12.030(3), this court

3

"reverse[d] the trial court's grant of summary judgment to FPA, h[e]ld that Pendleton was not guilty of unlawful detainer, and dismiss[ed] FPA's unlawful detainer action against Pendleton." *FPA* I at 678-79. Addressing Pendleton's request to direct the superior court to order relief pursuant to RCW 59.12.090,[2] this court instead "remand[ed] to the trial court for it to consider this issue after proper briefing and argument." *FPA* I at 679.

After remand, Pendleton moved the trial court for an award of attorney fees and costs as the prevailing party. In response, FPA argued that not all claims had been dismissed. The trial court directed the parties to brief "whether counts 2-4 in the complaint remain viable." CP at 60. Following review of the briefing, the trial court concluded that this court dismissed only the "first cause of action, entitled, 'Action for Issuance of Writ of Restitution,'" and that "[s]ummary judgment on counts 2 and 4 was *reversed*." CP at 251 (emphasis added). It ruled that a judgment in favor of Pendleton on the "unlawful detainer cause of action" would be entered upon the resolution of all claims and that "[c]ounts 2-4 will be set on the court's calendar for trial." CP at 252.

Pendleton attempted to appeal the trial court's order, contending it had ignored this court's decision. When our clerk set the matter for a decision on whether the order

---

[2] RCW 59.12.090 requires a plaintiff to post a surety bond "conditioned that the plaintiff will prosecute his or her action without delay, and will pay all costs that may be adjudged to the defendant, and all damages which he or she may sustain by reason of the writ of restitution having been issued, should the same be wrongfully sued out."

was appealable, both parties responded with briefing. FPA argued that dismissal of the contract claims "would be giving Pendleton free rent just because FPA failed to give him the 3-day notice." *FPA* II, Resp't FPA Crescent's Mem. Regarding Appealability at 4. Instead, FPA argued,

> By reversing the summary judgment, this Court allowed the contract claims to have their deserved day in court where FPA can present evidence of the obligation to pay and the failure to pay, and can seek damages.

*Id.* at 7-8.

A commissioner of this court decided the appealability issue. She recited the facts that the trial court had awarded Pendleton attorney fees and had "set counts 2-4 of FPA's complaint on its calendar *for trial.*" *FPA* II, Comm'r Ruling at 2 (May 20, 2016) (emphasis added). Concluding that what the parties really needed was a clarification of whether this court's opinion disposed of all of FPA's causes of action or only the writ of restitution, she referred the matter to the panel. *Id.*

In an Order Granting Discretionary Review in Part and Clarifying Opinion Filed October 20, 2015, the panel stated:

> The October 20, 2015 opinion of this court filed in COA No. 32705-1-111:
> (1) Held that the trial court erred in granting FPA . . . possession of the subject premises;
> (2) *Reversed the trial court's grant of summary judgment to FPA;* and
> (3) Remanded to the trial court the issue of Pendleton's costs, attorney fees, and damages as a result of the wrongful issuance of the writ of restitution.

5

> *In reversing the trial court's grant of summary judgment*, we intended the trial court to have the ability to offset Pendleton's damages from FPA's contract damages. We did not intend to reopen the issue of how the trial court calculated FPA's contract damages. That issue was not appealed.

CP at 271-72 (emphasis added). Neither party sought reconsideration or review of the clarifying opinion, which became final on June 27, 2016.

A couple of weeks later, a status conference took place in the trial court. At that time, and notwithstanding that the clarifying order repeated the ruling in the opinion of this court that the trial court's grant of summary judgment to FPA was reversed, the trial court treated its order granting partial summary judgment as a binding determination of the contract issues. *See* Report of Proceedings (RP) at 5 (characterizing the final judgment earlier entered as "a starting point" in arriving at a final judgment). It asked the parties to submit briefing addressing the damage and attorney fee figures needed to arrive at a final judgment.

Even though FPA had reported to this court two months earlier that it was merely looking for its "deserved day in court where FPA can present evidence of the obligation to pay and the failure to pay, and can seek damages,"[3] it now proposed to the trial court that after determining the attorney fees and costs to which Pendleton was entitled, it:

---

[3] *FPA* II, Resp't FPA Crescent's Mem. Regarding Appealability at 8.

- Subtract from that the $21,245.61, plus interest, previously awarded Plaintiffs on Counts 2 and 4 (breach of contract); interest on that amount is $7,679.64; and,
- Subtract $19,144.50 in Plaintiff's attorneys' fees incurred on the contract claims.

Under this approach, the court needs to determine the amount of fees Defendants are entitled to on Count 1, subtract the $48,069.75 that Plaintiff requests, and enter final judgment on a new amount.

CP at 345. It argued that Pendleton was not entitled to recover any time on the contract claims "because [FPA] prevailed on those claims." CP at 346.

The trial court rejected Pendleton's protestations about the procedure being followed and found that of 258 hours of attorney time claimed by Pendleton for success on the unlawful detainer claim, 179 were reasonable, and that Pendleton's fee of $300 per hour was also reasonable. The result was a total award of $53,700.

The trial court found that FPA's attorneys reasonably spent 54.3 hours toward a successful outcome on its contract claim and that the attorney's rate of $335 per hour—and later $365—was reasonable. The result was an award of fees on the contract claim of $19,144.50. Adding to that the contract damages it had awarded in its (reversed) summary judgment decision and $7,670.64 in interest calculated at the 18 percent contract rate, it awarded FPA a total of $48,081.70. Offsetting the two awards left a net award to Pendleton of only $5,618.30.

Following entry of the trial court's final judgment, Pendleton appeals.

7

ANALYSIS

The unlawful detainer action in chapter 59.12 RCW provides an expedited method for resolving the right to possession and hastening the recovery of real property. *MacRae v. Way*, 64 Wn.2d 544, 546, 392 P.2d 827 (1964). "In such proceedings the superior court sits as a special statutory tribunal, limited to deciding the primary issue of right to possession together with the statutorily designated incidents thereto, *i.e.*, restitution and rent or damages." *Id.* The primary issue to be resolved in an unlawful detainer action is the right to possession. *Port of Longview v. Int'l Raw Materials, Ltd.*, 96 Wn. App. 431, 436, 979 P.2d 917 (1999).

*FPA* I, 190 Wn. App. at 674-75. RCW 59.12.170 authorizes the court in a proceeding for an unlawful detainer after default in the payment of rent to "find the amount of any rent due" and enter a judgment thereon, as the trial court did here before the first appeal.

Failure to follow the unlawful detainer statute defeats the court's jurisdiction. *Kessler v. Nielsen*, 3 Wn. App. 120, 123, 472 P.2d 616 (1970) (citing *Sowers v. Lewis*, 49 Wn.2d 891, 307 P.2d 1064 (1957)). Any orders, rulings, or factual determinations made must be vacated. *Angelo Prop. Co., LP v. Hafiz*, 167 Wn. App. 789, 822, 274 P.3d 1075 (2012). Hence in *FPA* I, because FPA had not complied with statutory notice requirements, we dismissed the unlawful detainer action and reversed the partial summary judgment. "Rent or damages may only be recovered under the statute when there is a right to possession. When this right is not present, the damages or rent must be recovered in an ordinary civil action." *Kessler*, 3 Wn. App. at 123-24 (citing *Stevens v. Jones*, 40 Wash. 484, 82 P. 754 (1905)).

Once the question of right to possession has resolved itself, a trial court may convert an unlawful detainer action into an ordinary civil suit for damages. *Munden v. Hazelrigg*, 105 Wn.2d 39, 45-46, 711 P.2d 295 (1985). In so holding in *Munden*, our Supreme Court overruled prior case law, recognizing that permitting conversion of the case after its unlawful detainer purpose was concluded is in the interests of judicial economy and will spare parties the expense and inconvenience of maintaining two suits. *Id.* at 46-47.

At the time Pendleton attempted to file its second appeal, it provided us with a copy of the trial court's order of March 28, 2016, which included a finding that "[p]ossession of the premises is no longer an issue" and a conclusion of law that "[b]ecause possession of the premises is no longer at issue, this matter may be converted to a civil action addressing the remainder of the claims." CP at 251-52. Both the trial court, in its order, and FPA, in its submission on appealability, represented to this court that the contract claims were being set for a future trial in the converted civil action for damages. The apparent issue in seeking clarification was whether this court had dismissed the action in its entirety, or left open the trial court's ability to convert it and try the contract claims. This court relied on those representations in stating in its clarification order that the trial court would be able to offset Pendleton's damages against FPA's contract damages.

9

The trial court had no basis for awarding FPA contract damages and attorney fees in its August 18, 2016 order and judgment because the contract claims have never been tried. Before the first appeal, Pendleton resisted FPA's motion for partial summary judgment on the legally correct basis that the trial court lacked jurisdiction, not on the merits of the amount of rent that was owed.

The statement in our clarifying order that the issue of the amount of contract damages was not appealed was a correct statement. Where Pendleton was challenging the court's jurisdiction to entertain the action on account of defective notice it could, but was not required to, raise a dispute as to the amount FPA claims is owed. It chose not to. This court's statement in the clarifying order that "[w]e did not intend to reopen the issue of how the trial court calculated FPA's contract damages" unfortunately led FPA and the trial court to believe, in error, that the summary judgment rulings we reversed somehow remained binding. CP at 271-72. Had we so held, it would have been error. Pendleton had never had its day in court on the amount of rent owed or guaranteed.

We reverse the Final Judgment and Findings of Fact, Conclusions of Law and Order dated August 18, 2016, and direct the trial court to enter a revised judgment in the amount of the attorney fees and costs to which Pendleton is entitled. We direct the trial court to reconsider Pendleton's entitlement to attorney fees and costs, since the trial court discounted Pendleton's award, stating:

10

> At a minimum, one third of Pendleton's arguments in research, briefs, and argument addressed the proposition that no other claims could be heard under an "unlawful detainer" caption. That argument was rejected by the appellate court in its May 27, 2016, clarifying order acknowledging contract damages.

CP at 360. This court did not reject that argument. Pendleton correctly contended that FPA's second and fourth causes of action—what FPA characterizes as its contract claims—could not be heard in the unlawful detainer action until the right to possession was resolved and the trial court converted the action into an ordinary civil suit for damages.

We reject Pendleton's contention that the trial court violated the appearance of fairness doctrine by subjecting its claims for attorney fees to a different level of scrutiny than the trial court applied to FPA's claim for attorney fees. Bias inferred by Pendleton was attributable to a misperception by the court that FPA, not Pendleton, had been correct about the jurisdictional issue that appears to have accounted for most of the fees and costs incurred up to the time of the fee award. Having corrected that misperception, we rely on the trial court to reconsider Pendleton's fee award.

We decline to award attorney fees and costs to either side on appeal, recognizing that this court's clarifying order in the prior appeal created confusion.[4]

---

[4] We point out that Judge Rebecca Pennell was not on the panel that decided the prior appeal and did not sign the clarifying order.

11

No. 34714-1-III
*FPA Crescent Assocs., LLC v. Jamies's LLC, et al.*

We reverse the Final Judgment and Findings of Fact, Conclusions of Law and Order dated August 18, 2016. We direct the trial court to reconsider its award of attorney fees and costs to Pendleton and to enter a revised judgment in the amount of the attorney fees and costs to which it is entitled. We remand the now-converted civil action for trial.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_Siddoway, J._

Siddoway, J.

WE CONCUR:

_Lawrence-Berry_

Lawrence-Berrey, A.C.J.

_Pennell_

Pennell, J.