IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| ESTERRA COMMONS VENTURE, LLC DBA VERDE ESTERRA PARK, | No. 87320-2-I |
| Respondent, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| JUSTIN NORTON and All Other Occupants at 2808 Calder Ave NE, Apt 8117, Redmond, WA 98052, | |
| Appellant. | |

COBURN, J. — Justin Norton's landlord Verde Esterra Park brought an unlawful detainer action against him under the Residential Landlord-Tenant Act of 1973 (RLTA), chapter 59.18 RCW, for his failure to pay rent. Following a hearing, a trial court commissioner determined that Norton was in default of the rental agreement by failing to pay $42,299.00 in rent and that Verde Esterra was entitled to possession of the property under an immediate writ of restitution. Norton appeals, arguing that the trial court ignored statutory requirements[1] and denied him a fair hearing. We affirm the trial

---

[1] Appearing pro se, Norton quotes fictitious statutory language, cites to inapplicable statutes, and relies on cases that do not exist. In the event that such fake and non-existent legal authority was generated by artificial intelligence (AI), we note this as an acknowledgment and a warning. While AI may be of assistance to parties, especially pro se litigants navigating court rules, statutes, and case law, everyone, including pro se litigants, are responsible to confirm their pleadings, motions, briefs, and other filings are accurate and do not contain any citations that are invented or hallucinated by generative AI or any other source. See RAP 10.3(a)(6); West v. Thurston County, 168 Wn. App. 162, 187, 275 P.3d 1200 (2012). We hold pro se

court.

FACTS

In June 2022 Norton entered a lease agreement for an apartment unit at Verde Esterra Park.

On May 3, 2023, Norton entered into a temporary payment plan with Verde Esterra through the Eviction Resolution Pilot Program (ERPP) wherein he agreed to pay back rent and utilities in the total amount of $2,389.23 in three consecutive monthly payments of $796.41 starting June 15, 2023. Norton agreed that if Verde Esterra did not receive any payment due under the ERPP agreement on or before the due date, "that all payments shall be accelerated, and all outstanding payments shall be immediately due and owing." The agreement stated that "[l]andlord's failure to strictly enforce the terms of this agreement or to accept partial payments shall not constitute any waiver." Further, the payment plan expressly did not include the current rent and specified that "current rent must also be timely paid per the terms of the lease or rental agreement."

On September 12, 2023, Verde Esterra served a 30-day notice to Norton requiring him to pay $10,746.78 in owed rent or to vacate the premises. The notice stated that Norton is "not in compliance with the terms of the lease agreement by failing to pay rent and/or utilities and/or recurring or periodic charges that are past due." The notice itemized the monthly unpaid base rent and utilities from May through September in 2023. The notice stated that "payment must be made pursuant to the terms of the rental agreement or by nonelectronic means including but not limited to, cashier's check, money order, or other certified funds."

---

litigants to the same standard as attorneys. In re Est. of Little, 9 Wn. App. 2d 262, 274 n.4, 444 P.3d 23 (2019).

On January 4, 2024, Verde Esterra commenced an unlawful detainer action after Norton failed to comply with the 30-day notice. Verde Esterra completed service of the summons and complaint to Norton by alternate means.

A show cause hearing was held before a superior court commissioner on September 30, 2024. Verde Esterra presented the 30-day notice and a declaration signed January 4, 2024 by Verde Esterra community manager Stefanie Hosterman. In the declaration, Hosterman stated that Norton had not complied with the 30-day notice and remained in possession of the premises as of January 4.

At the September hearing Hosterman testified that Norton still had not paid rent since her January 4 declaration or vacated the premises as shown by his "Fob activity" and email messages that he sends through Verde Esterra's system. Hosterman testified that at the time of hearing Norton owed $42,299 in back rent. It was undisputed at the hearing that Norton had not made any payments toward the $42,299 amount. Norton claimed at the hearing that Verde Esterra blocked him from making his payments through its online payment portal. Hosterman testified that Norton's lease did not require rent payments to be made through the online portal and that once rent payments are late as of the sixth of the month, Verde Esterra can no longer accept online payments through its portal and that the 30-day notice specified that Norton must pay the back due rent by certified funds, cashier's check, or money order. Hosterman reminded Norton of this in an April 2024 email, which Norton submitted as part of his motion to dismiss prior to the hearing. In the email, Hosterman also reminded Norton that this information was outlined in his lease and also on the notice to pay or vacate.

The commissioner found that Norton failed to comply with the 30-day notice and

that he was in default of his lease agreement by failing to pay rent in the amount of $42,299.00 and failing to vacate the premises. The court concluded that Verde Esterra was entitled to possession and issued a writ of restitution.[2]

Norton filed a motion for reconsideration and submitted evidence of a check payment made to Verde Esterra for one month's rent in the amount of $2,326.68 on August 21, 2023. The court denied the motion.[3]

Norton subsequently filed a notice of appeal to this court. He then filed an emergency motion to stay the writ of restitution pending the outcome of the instant appeal. On October 25, 2024, a pro tem superior court commissioner granted the stay. On October 28, the same pro tem commissioner sua sponte reconsidered the order and required Nelson to post a supersedeas bond as a condition to his right to a stay.

DISCUSSION

Writ of Restitution

"In Washington, a tenant must pay the rental amount provided in a rental agreement and comply with all obligations imposed by the applicable provisions of law." Hous. Auth. of County of King v. Knight, 4 Wn.3d 324, 329, 563 P.3d 1058 (2025) (citing RCW 59.18.130). A landlord may commence an unlawful detainer action under the RLTA if a tenant breaches a rental agreement by failing to make timely rental payments. Sherwood Auburn LLC v. Pinzon, 24 Wn. App. 2d 664, 670-71, 521 P.3d 212 (2022)

---

[2] The commissioner reserved as to a money judgment because Verde Esterra relied on an alternate method of service.

[3] Norton does not assign error or present argument as to the denial of the motion for reconsideration. See Escude v. King County Pub. Hosp. Dist. No. 2, 117 Wn. App. 183, 190 n.4, 69 P.3d 895 (2003) ("It is well settled that a party's failure to assign error to or provide argument and citation to authority in support of an assignment of error, as required under RAP 10.3, precludes appellate consideration of an alleged error.").

(citing RCW 59.18.130, .180(2)). A residential tenant is liable for unlawful detainer if they continue in possession of a rental property "after a default in the payment of rent, and after notice in writing requiring in the alternative the payment of the rent or the surrender of the detained premises ... [and the request] has remained uncomplied with ... for the period of 14 days after service." RCW 59.12.030(3); see also RCW 59.18.650(2)(a).

An unlawful detainer is a statutory summary proceeding that provides expedited resolution of claims of possession. Knight, 4 Wn.3d at 329. "In so doing, [an unlawful detainer] 'relieves a landlord of having to file an expensive and lengthy common law action of ejectment.'" Sherwood Auburn, 24 Wn. App. 2d at 671 (quoting FPA Crescent Assocs. v. Jamie's LLC, 190 Wn. App. 666, 675, 360 P.3d 934 (2015)). Unlawful detainer is a narrow action that is limited to the question of possession and only related to issues like restitution of the premises and rent. Munden v. Hazelrigg, 105 Wn.2d 39, 45, 711 P.2d 295 (1985). The RLTA and the unlawful detainer statute, chapter 59.12 RCW, govern unlawful detainer actions in Washington and are strictly construed in the tenant's favor. Garrand v. Cornett, 31 Wn. App. 2d 428, 437, 550 P.3d 64 (2024).

A landlord must comply with statutory requirements to utilize the unlawful detainer statute's favorable provisions. Sherwood Auburn, 24 Wn. App. 2d at 671 (citing Hous. Auth. of City of Everett v. Terry, 114 Wn.2d 558, 563-64, 789 P.2d 745 (1990)). After serving notice, a landlord may initiate an unlawful detainer proceeding by filing and serving the tenant with a complaint and summons. Knight, 4 Wn.3d at 329 (citing RCW 59.18.365; RCW 59.12.060, .080). The landlord may then request a writ of restitution and note the request for a show cause hearing to request possession of the property on

5

an expedited basis. <u>Webster v. Litz</u>, 18 Wn. App. 2d 248, 252, 491 P.3d 171 (2021) (citing <u>Faciszewski v. Brown</u>, 187 Wn.2d 308, 314, 386 P.3d 711 (2016)); RCW 59.12.090; RCW 59.18.370, .380. "To obtain a writ of restitution at a show cause hearing, the landlord must establish by a preponderance of the evidence that the tenant has violated or breached material terms of the lease and, thus, the landlord is entitled to immediate possession of the property pending a final judgment." <u>Webster</u>, 18 Wn. App. 2d at 252-53. The trial court examines the parties and witnesses orally to determine the merits of the complaint and answer and either denies the motion or orders the issuance of the writ. <u>Id.</u> at 253 n.9.; RCW 59.18.380. "[T]he landlord can [then] deliver the writ to the sheriff, who will serve it on the tenant." <u>Randy Reynolds & Assocs., Inc. v. Harmon</u>, 193 Wn.2d 143, 158, 437 P.3d 677 (2019) (citing RCW 59.18.390(1)).

We review the trial court's findings of fact in a show cause hearing in an unlawful detainer action for substantial evidence, and we review conclusions of law de novo. <u>Garrand</u>, 31 Wn. App. 2d at 439 (citing <u>Tedford v. Guy</u>, 13 Wn. App. 2d 1, 12, 462 P.3d 869 (2020). There is substantial evidence when there is a sufficient quantity of evidence to persuade a fair-minded, rational person that a trial court's finding is true. <u>Pham v. Corbett</u>, 187 Wn. App. 816, 825, 351 P.3d 214 (2015). Unchallenged findings of fact are verities on appeal. <u>Id.</u>

We review a trial court's ruling on a motion for reconsideration for abuse of discretion. <u>Go2Net, Inc. v. C I Host, Inc.</u>, 115 Wn. App. 73, 88, 60 P.3d 1245 (2003). "A trial court abuses its discretion when its decision is manifestly unreasonable or based upon untenable grounds or untenable reasons." <u>Id.</u>

Here, Norton does not assign error in his opening brief to any of the trial court's

findings of fact, thus rendering them verities on appeal. See Pham, 187 Wn. App. at 825. The record and the unchallenged findings of fact support the court's decision to issue the writ of restitution. Verde Esterra served Norton with a notice to pay or vacate and a summons and complaint in compliance with statutory requirements. Norton failed to comply with the notice by refusing to pay rent due under his lease agreement and by failing to vacate the premises. See RCW 59.12.030(3); RCW 59.18.650(2)(a). On this record the trial court properly granted the writ of restitution.

In support of his motion for reconsideration, Norton submitted evidence of past rent payment as a "critical fact" for the court's consideration. This was limited to evidence of a check payment for one month's rent[4] made to Verde Esterra on August 21, 2023, which pre-dated the 30-day notice to pay or vacate served upon Norton in September.[5] Norton argues on appeal that the trial court failed to consider that Verde Esterra waived the right to seek a writ of restitution for non-payment of rent by accepting this partial rent payment.

Norton's legal citations do not support this proposition. We hold pro se litigants to the same standard as attorneys. In re Est. of Little, 9 Wn. App. 2d 262, 274 n.4, 444 P.3d 23 (2019). RAP 10.3 provides parties with briefing instructions that are necessary for this court's review. We need not consider pro se arguments that do not comply with

---

[4] It is not clear from the record for which month of rent the check was intended to cover.

[5] To show that he made a partial payment prior to the September 30-day notice, Norton also cites to an exhibit that he raised in a motion to dismiss that he filed after his notice of appeal to this court. Because this exhibit was not part of the record before the superior court commissioner at the show cause hearing, we do not consider it. See Egbert v. Jorgensen, 36 Wn. App. 2d 1, 22, 580 P.3d 1002 (2025) ("A 'show cause hearing' is a summary proceeding where the superior court evaluates the evidence presented by the parties and decides 'the issue of possession pending a lawsuit'") (internal quotation marks omitted) (quoting Harmon, 193 Wn.2d at 157)).

RAP 10.3. State v. Marintorres, 93 Wn. App. 442, 452, 969 P.2d 501 (1999). RAP 10.3(a)(6) states that it is the appellant's burden to provide pertinent authority to support their arguments. We do not consider conclusory assertions unsupported by legal authority. West v. Thurston County, 168 Wn. App. 162, 187, 275 P.3d 1200 (2012). A party's citations to legal authority in support of their position on appeal should relate to the issues presented for review and support the proposition for which that authority is cited. Litho Color, Inc. v. Pac. Employers Ins. Co., 98 Wn. App. 286, 305, 991 P.2d 638 (1999).

Norton contends that "'[i]f the landlord accepts a partial payment…without a written reservation of rights, the landlord waives the right to proceed'" with eviction. Norton asserts this quoted language is stated in RCW 59.18.410. This language is not in RCW 59.18.410.[6] We have previously held that "[a] landlord does not waive his or her right to proceed with an unlawful detainer action by accepting only partial rent." Hwang v. McMahill, 103 Wn. App. 945, 953, 15 P.3d 172 (2000). Moreover, it was undisputed at the show cause hearing that Norton had not made rent payments since the September notice, which detailed unpaid rental amounts spanning across several months. The court's unchallenged finding that Norton is in default to Verde Esterra in

---

[6] See RCW 59.18.410(1) (governing entry of judgment following determination of tenant's liability in forcible entry, forcible detainer, or unlawful detainer action); .410(2) (providing right to tenant for restoration of tenancy after default in payment of rent within five days of entry of judgment by following certain procedures); .410(3) (governing stay of enforcement of writ of restitution following entry of judgment for restitution of premises and forfeiture of tenancy due to nonpayment of rent and court-ordered payment plans); .410(4) (governing issuance of ex parte stay of writ of restitution); .410(5) ("In all other cases the judgment may be enforced immediately. If a writ of restitution shall have been executed prior to judgment no further writ or execution for the premises shall be required."); .410(6) ("This section also applies if the writ of restitution is issued pursuant to a final judgment entered after a show cause hearing conducted in accordance with RCW 59.18.380.").

the amount of $42,299.00 is a verity on appeal. Norton's default constitutes a violation of the RLTA. See RCW 59.18.130.

Norton further relies on RCW 59.18.240 to argue that by proceeding with eviction after accepting partial payment—notwithstanding that the fact he presented no evidence of partial payment during the show cause hearing—his landlord demonstrated bad faith and retaliation. Norton misunderstands RCW 59.18.240, which defines actions that may constitute retaliatory actions by a landlord where a tenant is in compliance with the RLTA. RCW 59.18.240 protects tenants who (1) are in compliance with the RLTA and make good faith and lawful complaints to governmental authority concerning the failure of the landlord to maintain or operate the premises in substantial compliance with the governing law or (2) assert or enforce their rights and remedies under the RLTA, and the landlord responds through reprisal or retaliatory action or threats thereof. This statute does not apply to the facts of this case.

Norton, citing RCW 59.18.620, argues that the trial court failed in its issuance of the writ of restitution to consider his purported "good faith efforts" to comply with his lease that were allegedly thwarted by Verde Esterra's restriction of his ability to make rent payments through its online portal. Again, Norton cites the statute for language that it does not contain.[7] See RCW 59.18.620 (providing definitions for terms under time-limited eviction moratorium statutes RCW 59.18.625 and 59.18.630). Norton cites no evidence other than his own testimony that he made thwarted attempts to pay back rent in response to the September 30-day notice. The trial court as the fact finder was free to

---

[7] Norton also refers to a case name and attached citation that do not appear to exist separate or together. (Citing "Housing Authority of Grant County v. Newby, 13 Wn. App. 2d 107, 462 P.3d 897 (2020)"). We note that Norton also proffered a non-existent case citation in a filing of "supplemental authority." (Citing "Norwood v. Jacobs, 145 Wn.2d 655 (2002)").

deem Norton's self-protestations as not credible. See Seattle Police Dep't v. Jones, 18 Wn. App. 2d 931, 945, 496 P.3d 1204 (2021) ("We defer to the fact finder to weigh the evidence and judge witness credibility.").

Finally, Norton does not offer any persuasive basis to challenge the constitutionality of his unlawful detainer proceeding that resulted in the court's issuance of the writ restitution based on his non-payment of rent. Norton claims that the trial court improperly shifted the burden to him as a pro se litigant in violation of due process. Summary proceedings in a show cause hearing, which provide opportunity for complaint and answer and a hearing before a judge, do not violate a tenant's right to due process. Carlstrom v. Hanline, 98 Wn. App. 780, 789-90, 990 P.2d 986 (2000); Tedford, 13 Wn. App. 2d at 10-11; Leda v. Whisnand, 150 Wn. App. 69, 81, 207 P.3d 468 (2009). We have long held that "[a] trial court must hold pro se parties to the same standards to which it holds attorneys." Edwards v. Le Duc, 157 Wn. App. 455, 460, 238 P.3d 1187 (2010) (citing Westberg v. All-Purpose Structures, Inc., 86 Wn. App. 405, 411, 936 P.2d 1175 (1997)). At the show cause hearing, Norton had the opportunity to dispute Verde Esterra's evidence that it was entitled to possess the property under the applicable statutes. See RCW 59.12.030(3); RCW 59.18.650(2)(a). His failure to do so does not constitute a due process violation.

We conclude that the trial court did not err in ordering the issuance of a writ of restitution.

Motion to Stay

The unlawful detainer statute prohibits a stay pending review unless the aggrieved party executes and files a supersedeas bond set by the court. RCW

10

59.12.200. Under RCW 59.12.200, an appealing party who desires a stay "shall execute and file a bond, with two or more sufficient sureties to be approved by the judge, ... and to pay all rents and other damages justly accruing to the plaintiff during the pendency of the proceeding." RAP 8.1 conditions an appealing party's "right to stay enforcement of a ... decision affecting real ... property" on "[the] filing in the trial court a supersedeas bond or cash, or alternate security approved by the trial court" and where it is "prohibited by statute." RAP 8.1(b)(2). A stay bond on appeal halts the writ of restitution on the condition that the defendant pay "all rents and other damages justly accruing to the plaintiff during the pendency of the proceeding." RCW 59.12.200. The purpose of the bond is to "secure the [owner] against losses during the pendency of the proceedings when the [occupant] continues to occupy the premises." Hous. Auth. v. Pleasant, 126 Wn. App. 382, 390, 109 P.3d 422 (2005).

Norton argues that Verde Esterra acted in bad faith by failing to comply with the trial court's stay order by refusing his monthly rent payments. His argument is not supported in the record.

Here, on October 25, 2024, a pro tem commissioner initially granted Norton's motion to stay the writ of restitution pending appeal provided that Norton kept current on rent payments starting in November 2024. The record supports that three days later, on October 28, the pro tem commissioner sua sponte reconsidered the order and determined that it should have required Norton to post a supersedeas bond consistent with RCW 59.12.200 and RAP 8.1.[8] See RAP 7.2(h). The commissioner directed Verde

---

[8] In his reply brief, Norton seems to challenge the trial court's authority to modify its stay order pending appeal to require a supersedeas bond. We do not address arguments raised for the first time in reply briefs. Budd v. Kaiser Gypsum Co., Inc., 21 Wn. App. 2d 56, 80-81, 505 P.3d 120 (2022).

Esterra's counsel to schedule a hearing to determine the bond amount. This hearing and any subsequent orders were not designated in the record for this court's review.[9] However, the parties do not seem to dispute that a bond amount was determined.

In his opening brief, Norton neither acknowledges nor challenges the merits of the commissioner's current stay order entered on October 28 but instead asserts that emails from Verde Esterra's counsel and manager Hosterman refused monthly payments in violation of the court's former stay order based on the allegedly false claim that the court ordered a bond. The email from Verde Esterra's counsel is dated October 30, 2024 and stated that the commissioner's order required a bond for "100% of the damages suffered by [Verde Esterra] in the event your appeal is unsuccessful." Hosterman's email is dated October 31, 2024 and stated Verde Esterra's position to not accept payments from Norton "less than the full balance owed" and that it "will be continuing the legal process." Both emails were sent after the court's updated order requiring Norton to post a supersedeas bond to stay the writ of restitution. Because Norton's argument is not supported by the record, we need not consider it further.

---

[9] The appellant has the burden of perfecting the record on appeal to ensure that the appellate court is provided with all necessary evidence to decide the presented issues. Tacoma S. Hosp., LLC v. Nat'l Gen. Ins. Co., 19 Wn. App. 2d 210, 220, 494 P.3d 450 (2021); see RAP 9.2, 9.6; see also Dalton M, LLC v. N. Cascade Tr. Servs., Inc., 2 Wn.3d 36, 53, 534 P.3d 339 (2023) (stating that appellate court generally cannot make factual findings and will not seek to when presented with an incomplete record and insufficient briefing regarding elements of a claim).

We affirm.[10]

_Coburn, J._

WE CONCUR:

_____, ACJ        _Smith, J._

---

[10] Norton requests statutory penalties and sanctions under RAP 18.9(a) based on arguments addressed above. Because he does not provide a legitimate basis for a penalty award or sanctions, we deny his requests.